Mr. Justice McLEAN
 

 delivered the opinion of the court. -
 

 This is’ a writ of error to the Circuit Court for' the district of Rhode Island.
 

 An action was brought by the plaintiff in the Circuit Court, alleging that he was the author of a topographical map of the . State of Rhode Island and Providence Plantations, surveyed trigonometrically by himself, the copyright of which he secured’ under the act of Congress of the 3d April, 1831, entitled “ An act to amend the several acts respecting copyrights;” and he avers a special compliance with all the requisites of said act, to vest in him the copyright of said map or chart. And he charges the defendants ’with having published two thousand • copies of his map, and sold them within two years before the commencement of the action, in violation of his right, secured as aforesaid, to his damage four thousand dollars.
 

 The defendants pleaded not guilty. The case was submitted to a jury, who returned a verdict of not guilty. A judgment was entered against the plaintiff for costs.
 

 A writ of error was procured, and bond given to prosecute it with effect.
 

 The defendant in proper person assigns for error, “that the-verdict and judgment were given against the plaintiff in error, ■ whereas the verdict and judgment should have been given for' the plaintiff, and he prays a reversal of the judgment on this-ground.”
 

 In a very short argument, the plaintiff' in error says, the>
 
 *66
 
 principal questions are: "Was the verdict and judgment correct? Was the .sale of the engraved plate, on execution, the sale of the copyright? Did such sale authorize the defendants, or any other person, to print, and sell this literary production, still subsisting under a copyright in the plaintiff. And he refers to 14 Howard, 528, Stevens
 
 v.
 
 Cady. In that case this court held that a sale of the copperplate for a map, on execution, does not authorize the purchaser to print the map.
 

 Two or three depositions, not certified with the record, were handed to the court as having been omitted by the clerk in making up the record; but it does not appear that they were used in the trial before the Circuit Court; and if it did so appear, no instructions were asked of the court to the jury, to lay the foundation of error.
 

 It is to be regretted that the plaintiff in error, in undertaking to manage his own case, has omitted to take the necessary steps to protect his interest. There is no error appearing on the record which can be noticed by this court; the-judgment of the Circuit Court is therefore affirmed with costs.