JAMES H. SUYDAM, PLAINTIFF IN ERROR, *v*. WILLIAM H. WILLIAMSON, DAVID R. WILLIAMSON, MARY A. WILLIAMSON, ISABELLA WILLIAMSON, CATHERINE B. WILLIAMSON, CHARLOTTE A. WILLIAMSON, RUPERT J. COCHRAN, ISABELLA M. COCHRANE, AND BAYARD CLARKE.

Rulings of the court below, in admitting or rejecting evidence, can be brought to this court for revision only by a bill of exceptions.

Every special verdict, in order to enable the appellate court to act upon it, must find the facts on which the court is to pronounce the judgment according to law, and not merely state the evidence of facts. In this manner it becomes a part of the record.

Where there is a bill of exceptions, the writ of error does not operate only upon that part of the record. Wherever an error is apparent on the record, it is open to revision, whether it be made to appear by a bill of exceptions, or in any other manner.

Where there is no dispute in regard to the facts, and consequently no necessity for any ruling of the court in admitting or rejecting evidence, the case may be brought before an appellate cov ⁺ by a special verdict or an agreed statement of facts.

But in such a case, the previous rulings of the court upon questions of evidence do not come before the appellate court, unless brought up by a bill of exceptions.

A bill of exceptions may include in its scope the rulings of the court as to the admissibility of evidence, which a demurrer to evidence cannot do.

A demurrer to evidence makes the evidence a part of the record.

So where oyer of any instrument is prayed, or there is a demurrer to any part of the pleadings.

A writ of error operates only upon the record, and brings it into this court.

Therefore, where a paper was filed in the court below after the writ of error was issued, which paper, purporting to contain all the evidence, both admitted and rejected, was signed by the judge and certified to be correct by the counsel of the appellee, and concluded as follows: "A verdict was then, by direction of the court, taken for the plaintiffs for the premises claimed, subject to the opinion of the court upon the questions of law, with liberty to turn this case into a special verdict or bill of exceptions," this paper cannot be considered a part of the record.

A special verdict requires the presence and assent of the court, and a bill of exceptions must always be signed and sealed by the judge.

In this case, the paper is merely a report of the judge who presided at the trial, and as such must be disregarded by this court.

Under the twenty-fifth section of the judiciary act, where the jurisdiction of this court is not shown upon the record, the writ of error must be dismissed; but under the twenty-second section, if no error appears upon the record, the judgment of the court below must be affirmed.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the southern district of New York.

It was an action of ejectment brought by the defendants in error against Suydam to recover two lots of ground in the city of New York. On the part of the defendants in error, it was contended that every material question in the case was adjudged by this court in the cases of Williamson *v.* Berry, 8 Howard, 495; Williamson *v.* The Irish Presbyterian Congregation, 8 Howard, 565; and Williamson *v.* Ball, 8 Howard, 566. The counsel for the plaintiff in error alleged that this case was unlike those in several important particulars. But as the decision of this court turned altogether upon the manner in which the case had been brought up, it is only necessary to state so much of it as will illustrate the point of practice.

The record showed a declaration in ejectment, a plea of not guilty, issue joined, suggestion of the death of some of the plaintiffs and substitution of their heirs, empannelling of a jury, their verdict of guilty against Suydam, the case held under a curia, the judgment for the plaintiffs with costs, and a prayer

for a writ of possession, which was granted. Judgment signed this 6th day of December, 1854.                    R. E. STILWELL,
*Deputy Clerk.*

Then came the following:

*Circuit Court United States, Southern District of New York.*

WILLIAMINA H. WILLIAMSON ET AL. *v.* JAMES H. SUYDAM.

This is an action of ejectment for two lots in the sixteenth ward of the city of New York. The declaration is in the usual form; the plea is not guilty. Either party may refer to the pleadings as part of this case.

The plaintiff gave in evidence an exemplified copy of the will, &c., &c., &c.

The plaintiffs thereupon rested.

The defendants' counsel then proved the acts of the Legislature, the deed of Clement C. Moore, the petitions to the Legislature and to the chancellor, the master's reports, the orders of the chancellor, the extracts from the journals of the two Houses, of which copies are hereto annexed; these were all objected to by the plaintiffs' counsel, and were read subject to the objection.

The defendants' counsel then offered in evidence a deed from Thomas B. Clarke to Peter McIntyre, of which the following is a copy, &c., &c., &c.

The plaintiffs' counsel then offered to prove—

1st. That the acts of the Legislature were not for the benefit of the infants, but for the benefit of Thomas B. Clarke merely.

2d. That the orders of the chancellor had the effect to take the proceeds of their future interest in the property sold, and to apply the same to the father's debts, without giving them any benefit, by support or otherwise, out of the interest of the life estate in other parts of the property.

3d. That under the acts and orders he actually aliened the lot on Broadway and all the southern moiety of the Greenwich property, excepting two lots, and that none of the children received any benefit from such alienation.

4th. That nearly the whole of the property mentioned in the acts of Legislature was mortgaged or conveyed by Thomas B. Clarke for old debts; that no proceeds were ever invested or secured, or ever received, from the grantors or mortgagees.

5th. That so far from providing for the children or protecting the estate, he suffered a large portion of the northern moiety to be sold for assessments, and was proceeding to dispose of the same moiety for twenty-one years, when, on the 31st of March, 1826, a bill was filed against him on behalf of the children, and an injunction issued.

6th. That on the death of his wife he broke up housekeeping, and ceased to live with his children; that the plaintiff was Mrs. Williamson; was, from the death of her mother, in August, 1815, supported and educated entirely by one of her aunts; and that, after about two years from the mother's death, the other children were supported and educated by their friends, and were entirely neglected by their father.

The defendants' counsel objected; the objection was sustained. The plaintiffs' counsel excepted.

A verdict was then, by direction of the court, taken for the plaintiffs for the premises claimed, subject to the opinion of the court upon the questions of law, with liberty to either party to turn this case into a special verdict or bill of exceptions.

SAMUEL R. BETTS. [L. S.].

Endorsed: 127, Circuit Court, southern district New York. Williamina H. Williamson et al., agt. James H. Suydam.—Cr. case.—Jas. L. Sluyter, plaintiffs' attorney.

Filed this 29th January, 1855.

Then followed a transcript of other papers in the case. The writ of error was dated 18th December, 1854.

This was the state of the record upon which the case was brought up to this court.

It was argued by *Mr. Ellingwood* for the plaintiff in error, and *Mr. Field* for the defendants; but as their arguments were upon the merits of the case, they are omitted in this report.

Mr. Justice CLIFFORD delivered the opinion of the court.

This was a writ of error to the Circuit Court of the United States for the southern district of New York.

The view we have taken of this case, as it is exhibited in the record, renders an extended statement of the facts entirely unnecessary. It was an action of ejectment brought in the court below to recover the possession of a certain parcel of land, with the appurtenances, situated in the sixteenth ward of the city of New York, and described as lots sixty-four and sixty-five, according to a certain map made by George B. Smith. The declaration, which was in the usual form, was filed in the Circuit Court for the southern district of New York on the 15th day of August, 1845, and the defendant, James H. Suydam, appeared, by his attorney, and pleaded that he was not guilty of unlawfully withholding the premises claimed by the plaintiffs, as was alleged in the declaration, and tendered an issue, which was duly joined by the plaintiffs. During the

pendency of the suit, and before the trial, two of the plaintiffs, being the two first named in the declaration, died, and the cause was regularly revived in the name of the survivors and the heirs of those deceased. At the adjourned session of the Circuit Court held at the city of New York on the first Monday of October, 1849, the parties went to trial on the general issue, and the jury returned a general verdict in favor of the plaintiffs; after the verdict, the cause was continued, as the record states, until the first Monday of October, 1850, and "the same day is given to the parties to hear the judgment of the court," and on that day the judgment was rendered on the verdict for the plaintiffs, that they do recover against the said James H. Suydam the possession of the said premises according to the said verdict of the jury, and for their damages, costs, and charges; and a writ of possession was duly issued, directed to the marshal of the district. All these proceedings were in the usual course of judicial action, and were duly and formally entered on the record of the suit, and consequently furnish no ground of complaint whatever on the part of the present plaintiff, who was the defendant in the court below. The declaration contained on its face a good cause of action, and the general issue and joinder were regularly filed in the cause, and were entirely sufficient to make up a valid issue between the parties to the suit; and the verdict, which was strictly formal and legal, was in every respect responsive to the issue formed. It appears that the jury found, in the very words of the issue, that the defendant was guilty of unlawfully withholding the premises claimed by the plaintiffs, as alleged in the declaration; and the judgment followed the verdict, and was founded upon it, for the premises as they were set forth and described in the pleadings. Every step in the cause, from the filing of the declaration to the issuing of the writ of possession, was in exact conformity to the most approved practice and precedents in the Federal courts.

We do not understand that the pleadings or the regularity of the proceedings are in any manner called in question, except as the foundation of a judgment, which it is insisted was erroneous, for reasons altogether aside from any connection with mere matters of form. The real controversy between the parties has reference more especially to the right of possession, and consequently extends to the title of the premises described in the declaration, and necessarily involves the principal questions which were presented to this court at the December term, 1850, in the case of Williamson et al. *v.* Berry, 8 How., 495; and we regret that the facts of the case, and the rulings of the court below, are not now exhibited in a manner to justify this

court in giving the subject a re-examination with the aid of the additional light which has been thrown upon it by the elaborate and very able discussion at the bar; and the more so, as it appears that a case depending upon the same evidences of title has since that time been before the Court of Appeals of the State of New York, where a conclusion was reached widely different from the one expressed by this court on the former occasion, in the answers given to the questions then submitted for its consideration. The difficulty, however, in the way of any such examination at this time, is insurmountable, for the reason that the record does not contain either a bill of exceptions, special verdict, or an agreed statement of facts. Some of the questions discussed at the bar might have been satisfactorily presented in a special verdict, or by an agreed statement of facts, while in respect to others, apparently regarded as important, such as the rulings of the court in admitting or rejecting evidence, it is proper to remark that they could only be brought to this court for revision by a bill of exceptions. Such rulings are never properly included in a special verdict, any more than in an agreed statement of facts. A special verdict is where the jury find the facts of the case, and refer the decision of the cause upon those facts to the court, with a conditional conclusion, that if the court should be of opinion, upon the whole matter thus found, that the plaintiff has a good cause of action, they then find for the plaintiff; and if otherwise, they then find for the defendant; and it is of the very essence of a special verdict, that the jury should find the facts on which the court is to pronounce the judgment according to law, and the court, in giving judgment, is confined to the facts so found; and every special verdict, in order to enable the appellate court to act upon it, must find the facts, and not merely state the evidence of facts; so that, where it states the evidence merely, without stating the conclusions of the jury, a court of error cannot act upon matters so found. In practice, the formal preparation of such a verdict is made by the counsel of the parties, and it is usually settled by them, subject to the correction of the court, according to the state of facts as found by the jury, with respect to all particulars on which they have passed, and with respect to other particulars, according to the state of facts which it is agreed they ought to find upon the evidence before them. After the special verdict is arranged, and it is reduced to form, it is then entered on the record, together with the other proceedings in the cause, and the questions of law arising on the facts found are then decided by the court, as in case of a demurrer; and if either party is dissatisfied with the decision, he may resort

to a court of error, where nothing is open for revision, except the questions of law inferentially arising on the facts stated in the special verdict; and we here remark, for the purpose of illustration, that it is not so much because the proceeding is denominated a special verdict, that the party by virtue of it is, authorized to invoke the aid of a revisory tribunal, as it is because it has the effect to incorporate the facts of the case into the record, which otherwise would have rested in parol, and therefore could not have been reached on a writ of error; and the same remark applies to a bill of exceptions, which is a still more comprehensive method of enlarging the record by incorporating into it not only the facts of the case, but the rulings of the court in admitting and rejecting evidence, and the instructions given to the jury; and after it is signed, sealed, and filed in the case, it becomes a part of the record, and the matters therein set forth can no more be disputed than those contained in any other part of the same record, and are alike subject to revision in a court of error. It is a mistake, however, to suppose that in such cases the writ of error operates only on the bill of exceptions. Such is never the fact, unless the whole record is set forth in the bill of exceptions; as the operation of the writ of error addresses itself to the record as an entirety, and not to any separate portion of it as distinct from the residue; and when the cause is removed into the appellate court, any error apparent in any part of the record is within the revisory power of such tribunal. The rule is, that whenever the error is apparent on the record, it is open to revision, whether it be made to appear by bill of exceptions, or in any other manner. (Bennet *v.* Butterworth, 11 How., 669; Slacum *v.* Pomeroy, 6 Cranch, 221; Garland *v.* Davis, 4 How., 131; Cohen *v.* Virginia, 6 Wheat., 410.)

When a party is dissatisfied with the decision of his cause in an inferior court, and intends to seek a revision of the law applied to the case in a superior jurisdiction, he must take care to raise the questions of law to be revised, and put the facts on the record for the information of the appellate tribunal; and if he omits to do so in any of the methods known to the practice of such courts, he must be content to abide the consequences of his own neglect. Evidence, whether written or oral, and whether given to the court or to the jury, does not become a part of the record, unless made so by some regular proceeding at the time of the trial and before the rendition of the judgment. Whatever the error may be, and in whatever stage of the cause it may have occurred, it must appear in the record; else it cannot be revised in a court of error exercising jurisdiction according to the course of the common law. A bill

of exceptions undoubtedly is the safest method, as it is the most comprehensive one in its operation; and where the facts are disputed, and cannot be arranged except from evidence admitted under the ruling of the court as to its admissibility, oftentimes it becomes the only effectual mode by which all the rights of the complaining party can be preserved. On the other hand, where there is no dispute in regard to the facts, and consequently no necessity for any ruling of the court in admitting or rejecting evidence, the same purpose may be safely accomplished by a special verdict, or, according to the rule established in this court, by an agreed statement of facts. (United States *v.* Ellason, 16 Pet., 291; Stimpson *v.* Railroad Company, 10 How., 329; Graham *v.* Bayne, 18 How., 60.) Where the facts are without dispute, and agreed between the parties, a statement of the same may be drawn up and entered on the record, and submitted directly to the court, for its decision, without the intervention of a jury; or a general verdict may be taken, subject to the opinion of the court upon the facts so agreed; and in either case, the aggrieved party may bring error after final judgment, and have the questions of law, arising upon the facts thus spread upon the record, re-examined, as in the case of a special verdict. (Faw *v.* Bordeau, 3 Cran., 174; Brent *v.* Chapman, 5 Cran., 358.)

It should be observed, however, that the rulings previously made by the court, in admitting or rejecting evidence during the progress of the trial, are no more revisable on a special case, as it is called, when the verdict is taken subject to the opinion of the court on an agreed state of facts; than where the agreed statement is submitted directly to the court, without the intervention of the jury; and for the obvious reason that, in the one case as much as in the other, the foundation laid for the action of the revisory tribunal is based upon the consent of the parties to the suit, and consequently the action of the appellate court must be confined to the facts as they were agreed, and as they appear in the record of the case. (Arthurs *v.* Hart, 17 How., 6; Bixler *v.* Kunkle, 17 S. and R., 310.) At one time an attempt was made to introduce a different practice into this court; but it was distinctly disclaimed, and has never been sanctioned in writs of error to any of the Circuit Courts in States where the proceedings are according to the course of the common law. (Shankland *v.* The Corporation of Washington, 5 Pet., 390.)

In that case, it was agreed by the parties that the question of the admissibility, competency, and sufficiency of the evidence to maintain the action, should be submitted to the court, and that, in considering the evidence, the court should draw

from it, so far as it was admissible and competent, every inference of fact and law which it would have been competent for a jury to have drawn from it; and that agreement was appended to an agreed statement of facts, on which the case was submitted to the determination of the Circuit Court in this District. Subsequently, it was brought into this court on a writ of error for revision, and was heard and determined upon the matters properly exhibited in the record; but this court, in giving judgment, took occasion to characterize the agreement as an unusual one, and denied that it was competent for parties to impose any such duties on this court, and expressly declared that the case was not to be drawn into precedent. Whenever the parties to a pending suit desire to place the facts of the case upon the record, so as to secure the right to have the law arising on the facts revised on a writ of error, they must adopt some one of the methods already suggested to effectuate that purpose, as there are no other effectual methods by which it can be accomplished.

Other modes are known to the practice of this court, by which the evidence produced against a party may in certain cases be put on the record either in whole or in part, according to the circumstances, so as to secure the right to have the questions of law arising upon it revised on a writ of error; but every proceeding of that kind is either so limited in its application or so tied up by conditions, that they are seldom of much practical importance, and are only referred to on the present occasion to confirm the proposition already advanced, that no ancillary step in the cause is of any avail to a party as laying the foundation to support a writ of error, any farther than it has the effect to place on the record what otherwise would rest in parol. Formerly it was considered that a party might always demur to the evidence produced against him, as a matter of right; and while that was so, a demurrer to evidence was equally effectual with a bill of exceptions to the extent of its operation. (4 Chitt. Gen. Prac., 7; 2 Inst., 427.) The bill of exceptions was always the more comprehensive remedy, because it extended, as it still does, not only to the facts in the case, but also to the rulings of the court in admitting or rejecting evidence, and to the instructions given to the jury upon its legal effect. A demurrer to the evidence, while its operation in one respect is nearly the same as that of the bill of exceptions, in another is very different. It extends only to the evidence produced, as the term imports, and has no effect at all upon the rulings of the court by which it was received; and as a necessary consequence, where the error of the court consists in having admitted improper evidence, the effect of a

demurrer to it would be to waive the objection to the ruling, instead of laying the foundation to correct the error. (Bulkely *v.* Butler, 2 Barn. and Cress., 434.) A demurrer to evidence is defined by the best text writers to be a proceeding by which the court in which the action is depending is called upon to decide what the law is upon the facts shown in evidence, and it is regarded in general as analogous to a demurrer upon the facts alleged in pleading. When a party wishes to withdraw from the jury the application of the law to the facts, he may, by consent of the court, demur in law upon the evidence, the effect of which is to take from the jury and refer to the court the application of the law to the facts, and thus the evidence is made a part of the record, and is considered by the court as in the case of a special verdict. A mere description of the proceeding is sufficient to show that it is the evidence, and nothing else, that goes upon the record. Since it was determined that a demurrer to evidence could not be resorted to as a matter of right, it has fallen into disuse; and as long ago as 1813, it was regarded by this court as an unusual proceeding, and one to be allowed or denied by the court in the exercise of a sound discretion under all the circumstances of the case. (Young *v.* Black, 7 Cran., 565; United States Bank *v.* Smith, 11 Wheat., 172; Fowle *v.* Common Council of Alexandria, 11 Wheat., 322.)

Another method by which certain evidence may be incorporated into the record at the nisi prius trial is by oyer, which occurs where the plaintiff in his declaration, or the defendant in his plea, finds it necessary to make a profert of a deed, probate, letters of administration, or other instrument, under seal, and the other party prays that it may be read to him, which in such a case cannot, as a general rule, be denied by the court; and the effect of the proceeding, in certain cases, is to make the instrument a part of the pleadings, and, consequently, to place it within the operation of a writ of error, which, in every case where the proceeding is according to the course of the common law, brings up the whole record; and in all these cases, as well as in the one first named, it is because the evidence, whatever it may be, is made a part of the record by the proceeding, that the questions of law arising upon it become a proper subject of revision on the writ of error. (1 Chitt. on Plead., 10th Am. ed., 431; 1 Tidd. Prac., 3d Am. ed., 586.) And the same effect is produced and the same object is attained when the defendant demurs to the declaration, or when either party demurs to a material portion of the pleadings on which the cause depends; and so it must have been understood by this court in Gorman et al. *v.* Lenox, 15 Pet., 115, where it

*Suydam v. Williamson et al*

was held, in accordance with the principle here advanced, that the action of the Circuit Court of this District, in sustaining a demurrer to a plea of performance in a suit on a replevin bond, was the subject of revision on a writ of error; and the rule adopted in that case was undoubtedly correct, as the effect of the demurrer was to make the error apparent in the record; and when that is so, it becomes the subject of revision just as much as when it is made to appear by a bill of exceptions or a special verdict.

We have now adverted to the several methods acknowledged by courts of error, by which matters resting in parol at the trial in the subordinate tribunal may be put on the record, so as to lay a proper foundation for a revision of the legal questions arising out of them in the appellate court, and there are no others which can be recognised in this court in cases where the proceedings are required to be according to the course of the common law. (Dougherty *v.* Campbell, 1 Blackf., 24; Cole *v.* Driskell, 1 Blackf., 16.)

A writ of error is an original writ, and lies only when a party is aggrieved by some error in the foundation, proceedings, judgment, or execution, of a suit in a court of record, and is defined to be a commission, by which the judges of one court are authorized to examine a record upon which a judgment was given in another court, and, on such examination, to affirm or reverse; and it was expressly held by this court, in Cohens *v.* Virginia, (6 Whea., 410,) that the writ of error operated upon the record, and that its effect, under the judiciary act, was to bring it into this court, and submit it to a re-examination; and it is also laid down by the best writers on pleading, that nothing will be error in law that does not appear on the face of the record, for matters not so appearing are not supposed to have entered into the consideration of the judges. (Steph. on Plea., 121.)

The writ of error in this case was issued on the eighteenth day of December, 1854, and on the twenty-ninth day of January, 1855, an additional paper was filed, which in the transcript is denominated the "case," and is the one which furnished all the materials for the discussion at the bar. It purports to contain all the evidence introduced at the trial in the court below, as well that given by the defendant as that given by the plaintiffs, and certain offers of proof on the part of the plaintiffs, which were objected to by the defendant, and excluded by the court. This mass of evidence, with the exhibits, filling sixty pages of the transcript, has respect, on the one side or the other, to the title and right of possession to the premises described in the declaration, and comprises all the evidences of title which were before this court on the former

*Suydam* v. *Williamson et al.*

:occasion; and, in addition thereto, certain admissions of the parties and other parol evidence. It is now drawn up in the form of a report of the judge who presided at the trial, and is signed by him, and is under seal; and, as we understand the endorsement, is certified to be correct by the counsel of the plaintiffs. The conclusion of the report is as follows:

"A verdict was then, by direction of the court, taken for the plaintiffs, for the premises claimed, subject to the opinion of the court upon the questions of law, with liberty to either party to turn this case into a special verdict or bill of exceptions."

Whatever might have been the right of the parties under that report, it is too plain for argument, that no one connected with its preparation could have regarded it either as a special verdict or a bill of exceptions. All that it professed to do was to give either party the liberty to turn the case into one or the other of those forms of proceeding; and it is a sufficient answer to any pretensions under the report to say, that the change has not been made; that, for some reason unknown to this court, the right to make the change, if such it was, has never been exercised; and that it is now presented here in the form in which it was prepared when it is too late to make the alteration. And we also say, that this court cannot so far depart from the settled practice and regular course of proceeding as to give an effect to the paper which neither its contents nor terms would warrant; nor can we attempt to do for the plaintiff in error what it was his duty to have done at the trial, and before the writ of error was sued out; nor are we prepared to admit that the option given to turn the case either into a special verdict or a bill of exceptions could have been exercised by either party under the concluding portion of that report, without the assent of the judge who presided at the trial, and irrespective of his authority. On the contrary, we conclude that, "where a case shall be made with leave to turn the same into a special verdict or bill of exceptions, the party shall not be at liberty to do either, at his election, but the court may, if they think proper, prescribe the one which he shall adopt." (Conk. Trea., 3d ed., p. 444.)

Nothing less than the presence and assent of the court, we think, can give any legal validity to a special verdict; and in respect to a bill of exceptions, it must always be signed and sealed by the judge, or else it would be a nullity. (Phelps *v.* Mayer, 15 How., 160.) A special verdict ought always to be settled under the correction of the judge who presided at the trial, and, whether prepared at the time or subsequently, it should be filed as of the term when the trial took place. (Tur-

ner *v.* Yates, 16 How., 14; Sheppard *v.* Wilson, 6 How., 275.) The necessary effect of the proceeding, where the verdict is taken subject to the opinion of the court, would be to postpone the preparation of the special verdict till after the parties were heard, and the opinion given; and to that extent the delay is allowable, though we are by no means prepared to admit that it may be done after the cause has been removed into this court. The result is, we have come to the conclusion, on this branch of the case, that the paper in the transcript denominated the "case" must be considered merely as a report of the judge who presided at the trial; that it is not a part of the record, and, consequently, must be wholly disregarded by this court, in determining whether the judgment of the court below ought to be reversed or affirmed. Having come to that conclusion, it becomes unnecessary to notice any of the rulings of the court in admitting or excluding evidence, as no part of that report can be taken into consideration. The question whether the report of a judge who tried the cause was a part of the record, came up directly before this court, in Ingle *v.* Coolidge, 2 Whea., 363; and, after a deliberate consideration, the court unanimously determined that it did not. It was a writ of error to the Supreme Judicial Court of Massachusetts. The record showed that the jury found a general verdict for the original plaintiff, and the cause was then continued, as the record stated, "for the opinion of the whole court upon the law of the case, as reported by the judge who tried the same, and at a subsequent term judgment was rendered for the plaintiff upon the verdict. When the record was brought into this court, the report of the judge was annexed to the writ of error with the other proceedings and exhibits in the cause, and this court, in speaking of the report, said: It is not like a special verdict, or a statement of facts agreed of record, upon which the court is to pronounce its judgment. The judgment was rendered upon a general verdict, and the report is mere matter *in pais* to regulate the discretion of the court as to the propriety of granting relief, or sustaining a motion for new trial.

Other cases have been decided by this court, asserting the same general principle, that nothing can be considered upon a writ of error except what appears upon the record; and one in particular, which, in that point of view, bears a very close analogy to the case under consideration. We allude to the case of Minor *v.* Tillotson, (2 How., 392,) which was a writ of error to the Circuit Court of the eastern district of Louisiana, under the twenty-second section of the judiciary act. A mass of evidence in that case was received from both parties, consisting of concessions and grants under the Spanish Government, inter-

mediate conveyances, documents showing the proceedings in regard to the title under the laws of the United States, and parol testimony; and the cause was submitted to the court under an agreement that those documents, proceedings, and parol testimony, constituted all the evidence on which the cause was tried, and that the agreement was "made for a statement of the facts in the case." This court then said, it seems to have been supposed that the agreement of the counsel that the evidence in the cause should be considered as a statement of facts, was a sufficient ground for a writ of error on which a revision of the legal questions might be made, and intimated, very strongly, that if it were so, it would be to require the court to try the cause on its merits, and emphatically declared, "this is never done on a writ of error, which issues according to the course of the common law." And so also it was held in Leland et al. *v.* Wilkinson, (6 Pet., 317,) that the private laws of a State, and special proceedings of the Legislature of a State, in regard to the sale of the estate of a deceased person for his debts, could not be considered, unless they were found in the record; and in Williams *v.* Norris, (12 Whea., 117,) it was determined that neither depositions nor exhibits, of any description, constitute "any part of the record on which the judgment of an appellate court is to be exercised, unless made a part of it by a bill of exceptions, or in some other manner recognised by law." These cases, we think, have a strong tendency to support the proposition, that the paper, in the transcript denominated the "case," cannot be regarded as a part of the record; and if not, then it is clear that it cannot be considered on the present occasion, irrespective of the fact that it was not filed till more than a year after the writ of error issued, which of itself is decisive of the point that it cannot be considered. (Williams *v.* Norris, 12 Whea., p. 120.)

It is certain, therefore, that there is no error in the record; and the only remaining question is, what disposition ought to be made of the cause, under the circumstances of the case?

An important distinction exists in respect to writs of error issued under the twenty-second section of the judiciary act, from those issued under the twenty-fifth section of the same act, which it becomes necessary to notice in this connection, in order to maintain a writ of error to this court from a State court within the twenty-fifth section of that act, it must appear on the face of the record that some one, at least, of the questions stated in that section did arise in the State court, and that the question was decided in the State court, as required in the section; and if it does not so appear in the record, then

this court has no jurisdiction of the case, and in that event the writ of error must be dismissed, as this court, under those circumstances, has no power either to reverse or affirm the judgment brought up for revision; and such was the state of the record in *Inglee v.* Coolidge, and accordingly the writ of error was dismissed. The writ of error, however, in this case issued under the twenty-second section of the judiciary act, in respect to which a different rule prevails, as will be seen by attending to the language of the act. That section provides, in effect, that final judgments in a Circuit Court brought there by original process may be re-examined, and reversed or affirmed, in this court, upon a writ of error; and where the cause is brought into this court upon a writ of error issued under that section, and all the proceedings are regular, and no question is presented in the record for revision, it follows, by the express words of the section, that the judgment of the court must be affirmed. Beyond question, the record in this case exhibits every fact required by the section to give this court jurisdiction of the cause, and in strict compliance with the terms of the act. The action was originally brought in the Circuit Court for the southern district of New York, and the record shows a sufficient declaration duly filed in court—a proper and valid issue between the parties—a perfect finding by the jury upon the issue joined, and a regular judgment on the verdict, which was final, unless reversed; and certainly these are all the requisites of a record, according to the requirements of the twenty-second section of the judiciary act, to entitle a party to retain the judgment which has been given in his favor. (Minor et al. *v.* Tillotson, 1 How., 287; Stevens *v.* Gladding, 19 How., 64; Lathrop *v.* Judson, 19 How., 66.) It is only when the special verdict is ambiguous or imperfect, or when it finds only the evidence of facts, and not the facts themselves, or finds but a part of the facts in issue, and is silent as to others, that this court can regard the finding as a mistrial, and order a *venire de novo.* (Barnes *v.* Williams, 11 Wheat., 415; Carrington *v.* Pratt, 18 How., 63; Prentice *v.* Zane, 8 How., 484.)

When the record exhibits such a state of facts, it is then competent for this court to remand the cause for a new trial, in order that the finding of the jury may be perfected. The record itself in such a case shows the imperfection which it is the purpose of the new trial to remedy, and it constitutes the basis of the action of the court in giving the order to send the cause down to a rehearing. No such imperfection appears on this record. On the contrary, the record shows a perfect finding of the jury, and, on a careful inspection of the tran-

script, we are unable to discover error in any part of the pro-
ceedings.

The judgment of the Circuit Court is therefore affirmed,
with costs.