68 U.S. 592 (1863)
1 Wall. 592
POMEROY'S LESSEE
v.
THE STATE BANK OF INDIANA.
Supreme Court of United States.

*596 Messrs. Chase and Burd, for the defendant in error.
Messrs. Carlisle and Brady, contra.
*597 Mr. Justice CLIFFORD, after stating the case, delivered the opinion of the court.
Exceptions to the first bill, as written out and sealed, are plainly and undeniably to the overruling of the motion for a new trial, and to the subsequent entry of the judgment and not to the rulings of the court as to the validity of the trust deed or its legal effect as a paramount title over that claimed by the lessors of the plaintiff.
Authorities are numerous that a motion for a new trial in the Federal courts is a motion addressed to the discretion of *598 the court, and that the decision of the court in granting or refusing it is not the proper subject of a bill of exceptions. Henderson v. Moore, 5 Cran., 11; Mar. Ins. Co. v. Young, Id., 187; McLanahan v. The Universal Ins. Co., 1 Pet., 183; U.S. v. Buford, 3 Id., 32; Barr v. Gratz, 4 Wheat., 213; Blunt v. Smith, 7 Id., 248; Brown v. Clarke, 4 How., 4.
Indeed, the universal rule of practice is, that matters resting entirely in discretion are not re-examinable in a court of errors, and there can be no departure from that rule in this court without overruling its settled practice from the organization of the court to the present time. Presumption, therefore, in this court is, that the motion for new trial was properly denied, and if so, then the defendants were entitled to judgment. Ruling of the court was that the trust deed was the paramount title, and to that ruling no exception was taken, and consequently, when the motion for new trial was overruled, the right of the defendants to judgment became complete. Entry of judgment, therefore, was properly made, and the exception to the action of the court in that behalf, as erroneous, is without any foundation whatever. Error of the court, if any, was in the ruling that the trust deed was the paramount title, and if the plaintiff desired to sue out a writ of error to revise that ruling, he should have excepted to it at the time it was made. Y. & C. Railroad Co. v. Myers, 18 How., 251.
He insists that he did so, because it is so stated in the minutes of the case as appears in the transcript, but the insuperable difficulty in supporting that proposition is, that nothing of the kind appears in the bill of exceptions. Where exceptions are taken to the ruling of the court in the course of a trial to the jury, such an entry is frequently made in the minutes of the case, or of the presiding justice, as evidence of the fact, and as a means of preserving the rights of the party in case the verdict should be against him and he should desire to have the case re-examined in the appellate tribunal, but it was never supposed that such an entry could be of any benefit to the party unless he seasonably availed himself of the right to reduce the same to writing, *599 and took proper measures to have the bill of exceptions sealed by the judge presiding at the trial, or, in other words, such an entry in the minutes can only be regarded as evidence of the right of the party seasonably to demand a bill of exceptions, but it is not the same thing, and has never been so considered in the Federal courts, or in any other jurisdiction where the rules and practice of the common law prevail.
II. Authority was conferred, by the seventeenth section of the Judiciary Act, upon all the courts of the United States, to make and establish all the necessary rules for the ordinary conducting of business in the said courts, provided such rules were not repugnant to the laws of the United States. (1 Statutes at Large, 83.)
Pursuant to that authority the several Circuit Courts, immediately after the judicial system of the United States was organized, adopted the form for bills of exceptions as known at common law, and the practice has been uniformly followed to the present time, without question or any material variation. Bills of exceptions, therefore, in the Federal courts, are required to be drawn as at common law, under the statute of Westminster 2 (13 Edw. I, chap. 31), passed in the year 1285, and of course they must be sealed by the judge, as therein required. 1 Pick. Stat., 206; 2 Tidd's Practice, 862; 1 Arch. Prac. by Chitty (11th ed.), 443; 2 Inst., 427; 2 Bac. Abr. by Bouvier, 113.
Justiciarii apponant sigilla sua, is the express command of the statute, and so is the commentary of Lord Coke, which has always been regarded as of the same authority as the statute on which it is founded. 2 Inst., 428; Strother v. Hutchinson, 4 Bing. N.C., 89.
Party aggrieved might, before the enactment of that statute, sue out writ of error to correct an error in law apparent on the record, or for an error of fact, where either party had died before judgment; but the writ would not lie for an error in law not apparent on the record, as for a refusal to instruct the jury as requested, or for an erroneous instruction given, or for an erroneous ruling in admitting or rejecting *600 evidence. Consequently, where either party alleged anything ore tenus, which was overruled by the court, the party was without remedy; because, being an error in law, and not apparent in the record, the appellate tribunal could not take judicial knowledge of the proceeding. Statute under consideration was passed to obviate that difficulty, and to prevent the injustice flowing from it, and throughout the long period it has continued in force, it has ever been regarded as an eminently just and highly beneficial regulation. Writs of error, it is true, bring up the whole record, and it is undeniably competent for the court to reverse the judgment for any apparent error, whether it appear in the bill of exceptions or in any other part of the record. Slacum v. Pomery, 6 Cran., 221; Cohens v. Virginia, 6 Wheat., 410; Garland v. Davis, 4 How., 131; Bennett v. Butterworth, 11 Id., 669.
But when a party is dissatisfied with the decision of his cause in an inferior court, and intends to seek a revision of the law applied to the case in a superior jurisdiction, he must take care to raise the questions of law to be revised, and put the facts on the record for the information of the appellate tribunal; and if he omits to do so in any of the methods known to the practice of such courts, he must be content to abide the consequence of his neglect or oversight. Suydam v. Williamson, 20 How., 433.
Unless an exception is reduced to writing and sealed by the judge, it is not a bill of exceptions within the meaning of the statute authorizing it, and it does not become part of the record.
Were it otherwise, then a bill of exceptions would never be necessary; because if the statement in the minutes is sufficient in one case, it must be in all, which cannot for a moment be admitted, as it would overturn the unbroken practice in courts of error from the passage of the Statute of Westminster to the present time. Seal, as required, is to the bill of exceptions, and not to each particular exception therein contained. Many exceptions may be inserted in one bill of exceptions, and of course it is sufficient if the bill of exceptions is sealed at the close. Accordingly, the practice, *601 in the first and second circuits, is to put every exception taken at the trial into one bill of exceptions, which makes the records less voluminous.
III. Second bill of exceptions, so called, is denominated the "case" in the record, and extends through more than fifty pages of the transcript. First, it contains all of the evidence and exhibits introduced by the lessors of the plaintiff, and the record shows that portions of the same were admitted under the objection of the defendants, and other portions without objection. When objections were made and overruled, it is stated in some instances that the defendants excepted, and in others that statement is omitted. Evidence offered by the lessors of the plaintiff in one instance was rejected, and in that case it is stated that the plaintiff excepted. On the other hand, it contains, in the second place, all the evidence and exhibits introduced by the defendants, whether admitted under objection or without objection, and as in the case of the lessors of the plaintiff, when the objection made was overruled by the court, it is in some instances stated that the plaintiff excepted to the ruling, and in others that statement is omitted. Matters so introduced on the one side and the other consist of judicial records, written instruments, depositions, oral testimony, and certain other facts, either absolutely admitted by the parties or their counsel, or provisionally introduced, subject to the opinion of the court as to their admissibility and legal effect. Rulings of the court, as stated in the first bill of exceptions, are not given, nor is it stated what was the final judgment of the court. Appended to the statement are the signatures of the respective counsel, and the conclusion of the paper is as follows: "This was all the evidence in the case, and the plaintiff prays that this his bill of exceptions may be signed, sealed, and made a part of the record herein, which is done," and the same is signed by the presiding justice, and is under his seal.
IV. Nothing further need be remarked to show that no proper foundation is there laid for the revision of the rulings of the court, to which the lessors of the plaintiff now object, because those rulings are not mentioned in the paper, so *602 that even if it could be regarded as a bill of exceptions, it would be equally unavailing to the plaintiff as a means of accomplishing the object he desires. Where the objection is to the ruling of the court, it is indispensable that the ruling should be stated, and it should also be alleged that the complaining party then and there excepted to the same. Both conditions are wanting, and indeed the paper is irregular or defective, and insufficient in many of the substantial elements of a proper bill of exceptions.
V. Suggestion was also made at the argument, that if the paper was not available to the plaintiff, as a bill of exceptions, still the evidence, as reported, might subserve his purpose as an agreed statement of facts; but we think not, for several reasons.
First. Because it merely gives the evidence as it was introduced on the one side and the other, and leaves the results of the evidence to be found by the court, as if sitting as a jury.
Secondly. Because it does not contain the rulings of the court which the plaintiff desires to have revised; and,
Thirdly, because if both of the preceding objections were obviated, still it would not be competent to revise the rulings of the court below in that mode. 2 Tidd's Practice, 896; Seward v. Jackson, 8 Cow., 406.
Decisions of this court establish the rule that writs of error will lie where the judgment in the court below was founded upon an agreed statement of facts, as well as when founded upon the verdict of a jury. U.S. v. Eliason, 16 Pet., 291; Stimpson v. Railroad Co., 10 How., 329; Graham v. Bayne, 18 Id., 60.
Judgments of the Circuit Court may also be revised here upon writ of error, in cases where they were founded upon a special verdict, or upon demurrer to evidence. Suydam v. Williamson et al., 20 How. 435; 4 Chitty's Gen. Prac., 7; 2 Inst., 427.
None of the modes suggested, however, enable the complaining party to review or re-examine the rulings of the court, except that of the bill of exceptions.
*603 1. Agreed statements rest upon the consent of the parties, and, consequently, the action of the revising tribunal must be confined to the agreed facts, and the facts cannot be said to be agreed while the parties are at issue as to the admissibility or competency of the evidence.
2. Special verdicts are where the jury find the facts of the case, and upon those facts refer the decision of the cause to the court, with a conditional conclusion, that if the court should be of opinion that the plaintiff, upon the facts found, has a good cause for action, then they find for the plaintiff; but if otherwise, then they find for the defendant. Rulings of the court, however, in admitting or rejecting evidence, are never properly included in a special verdict, any more than in an agreed statement of facts; because, when reduced to form, the verdict is then entered on the record, and the judgment of the court is based upon the findings of the jury.
3. Evidence must first be admitted before it is properly the subject of demurrer, and when a party elects that mode of trying the case, he thereby waives all objections to the rulings of the court in respect to evidence rejected, as well as to that previously admitted, so that in no point of view can the paper under consideration be regarded as sufficient to lay the foundation for a revision of the rulings which are the subject of complaint.
VI. Having come to the conclusion that the paper in the transcript is not a good bill of exceptions, agreed statement of facts, or a special verdict, the result is that it is not a part of the record, and under the circumstances of this case, it must be wholly disregarded by the court in determining whether the judgment of the court below ought to be reversed or affirmed. Inglee v. Coolidge, 2 Wheat., 363; Suydam v. Williamson, 20 How., 439.
Special circumstances induced the court, in Burr v. Des Moines Nav. R.R. Co., decided at the present term (ante, p. 99), to dismiss the writ of error, and allow the parties an opportunity to make a further effort to present the case in some proper form; but the court in that case held that the legal presumption was in favor of the correctness of the *604 judgment. Where a case is brought here upon a writ of error, issued under the twenty-second section of the Judiciary Act, and there is no bill of exceptions, agreed statement, or special verdict in the transcript, the general rule is, that the judgment will be affirmed, as is shown by repeated decisions. Suydam v. Williamson, 20 How., 441; Minor v. Tillotson, 2 Id., 392; Kelsey v. Forsyth, 21 Id., 85; Guild v. Frontin, 18 Id., 135; Stevens v. Gladding, 19 Id., 64; Taylor v. Morton, 2 Black, 484.
In the case last cited, this court said that when a cause is brought into this court upon a writ of error sued out under the twenty-second section of the Judiciary Act, and all the proceedings are regular and correct, it follows, from the express words of the section, that the judgment of the court below must be affirmed, although there is no question presented in the record for revision.
The judgment of the Circuit Court is, therefore,
AFFIRMED WITH COSTS.