# SUPREME COURT.

## HATHAWAY agt. WARREN.

A *county judge* has power under the Code, *to continue* on the return of an order to show cause, *an injunction order* made by himself *ex parte* in an action in the supreme court.

(*This is adverse to Middletown* agt. *Rondout, &c., R. R. Co. at special term,* 43 *How.,* 144, *affirmed at general term,* 43 *How.,* 481.)

*Monroe Special Term, Sept.,* 1872.

JAMES C. SMITH, J.—This is a motion to vacate an order made by the special county judge of Monroe, continuing an injunction order made by the same judge, *ex parte.* The *ex parte* order contained a clause requiring the defendant to show cause, before the judge who granted the order, at a specified time within ten days, why the same should not be continued. At the time fixed, both parties appeared before the judge and argued the motion, and thereupon he made the order which is now sought to be set aside.

The counsel for the defendant contends that the order continuing the injunction is void for the reason that a county judge has no power to make an injunction order, on notice, in an action in this court. In support of his position, he cites the case of *Middletown* agt. *Rondout and Oswego R. R. Company,* decided at the Albany special term, in February last (43 *How.,* 144), and recently affirmed at general term in the third department. (*Id.* 481). In that case, the court, at general term, in their published opinion, do not discuss the question now in hand. They cite the case of *Parmenter* agt. *Roth* (9 *Abb., N. S.,* 392), *Rogers* agt. *McElhone* (20 *How.,* 441), and *Merritt* agt. *Slocum* (3 *How.,* 309), and evidently

rest their decision upon them, so far as it affects the present question.. Neither of those cases relates to an injunction order. The point decided by them is, that under section 403 of the code, a county judge has not power to make an order, on notice, in an action in the supreme court. But those decisions were obviously intended to be understood as having no application to cases where the code has expressly provided otherwise. By the express terms of section 403, the powers it confers, to wit, the powers of a judge of the supreme court at chambers, are " in addition " to the powers conferred by the code upon a county judge, in an action in the supreme court. The section does not take away or limit any power specially conferred by other sections, but gives a general power in addition to those specially conferred. The question of the extent of the power given by the separate chapter of the code relating to injunctions was not presented in either of those cases, and was not considered. That being the case, the general term decision above referred to, having been made by a divided court, can hardly be considered a controlling authority upon the question. The able judge who decided the Middletown case at special term, discussed very fully the question now before me, but I am unable to concur in his views.

Sections 218 to 226 of the code, constituting a separate chapter, relate exclusively to injunctions, and establish certain rules by which the granting of them is governed. Section 218 abolishes the writ of injunction, as a provisional remedy, and substitutes for it an injunction by order, and it confers power to make the order upon three distinct tribunals or authorities, namely, the court in which the action is brought, a judge thereof, and a county judge. The like power is conferred on each of the three authorities; that is to say, the power of a county judge to grant an injunction order, is, (within his county), co-ordinate and co-extensive with that of a justice of this court, and that of the court itself. And by the act creating the office of special county

judge in Monroe, that officer has all the powers of a county judge at chambers (*Laws* 1864, *Ch.* 368, *p.* 860).

The succeeding sections relate to the extent of the power and regulate the exercise of it. Section 219 describes the cases in which an injunction order may be made. By section 220, it may be granted at the time of commencing the action, or at any time afterwards, before judgment. This section and 218 indicate that the chapter relates to preliminary or temporary injunctions, and not to those which are final or cotemporaneous with the judgment. And so it has been held (3 *Code R.*, 165; 5 *How.*, 188; 4 *Sandf.*, 374; 4 *Duer*, 200). As the like power is given to each of the three authorities it necessarily follows, that each has power to grant an injunction order at any time, from the commencement of the suit to the perfecting of judgment, and which may operate till judgment, except as otherwise specially provided in subsequent sections. Section 221 limits the general power previously granted, by providing that an injunction shall not be allowed, after the defendant shall have answered, unless upon notice, or upon an order to show cause; but in such case the defendant may be restrained until the decision of the court or judge, granting or refusing the injunction. Section 222 provides that where no provision is made by statute as to security upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff. Section 223 is in these words: " If the court or judge deem it proper that the defendant or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown at a specified time and place, why the injunction should not be granted; and the defendant may, in the meantime, be restrained."

I cannot doubt that these three sections apply to each of the authorities named in section 218, and regulate the power there conferred. As to one of them, to wit: section 222, which requires an undertaking, there is no question whatever. It

applies to every court and to every judge having power to grant an injunction order. The words, by force of which it has that application, are these : " the court *or judge*." Precisely the same words are used in sections 220 and 221, the latter of which provides for notice of an application for injunction after answer, and in section 223, which provides for an order to show cause, in the *discretion* of " the court or judge," whether before or after answer. What reason is there for saying that the words " the court or judge," in sections 221 and 223, do not include a county judge, and that the same words in section 222 do include a county judge.

If sections 221 and 223 were intended to refer exclusively to a judge of the court in which the action is brought, it was easy for the legislature to say so, in unmistakeable terms, as they did say in section 224, which provides that an injunction to suspend the general and ordinary business of a corporation, shall not be granted, except by the court, that is, the court in which the action is pending, or a judge *thereof*. The language there used shows clearly, that in the particular class of cases provided for in that section, a county judge cannot grant an injunction order, except in an action in his own court. This limitation of the word " judge," in a single instance, indicates the intention to include both classes of judges mentioned in section 218, whenever the word is used in the same chapter without terms of limitation or exclusion.

The above construction derives support from section 225, which provides that if the injunction be granted by a judge of *the* court, *or* by a county judge, *without* notice, the defendant, at any time before the trial, may apply upon notice, to a judge of the court in which the action is brought, to vacate or modify the same. This language seems to imply that a county judge, as well as a judge of the supreme court, *may* grant an injunction, *on notice*, in an action in this court. Section 226 throws no light on the question.

Looking beyond the words of these sections to the nature of the remedy intended to be provided, the construction

seems equally plain. It is essential to the proper exercise of
the responsible power of granting injunctions that every court
or judge in whom it is vested, should have power, in his dis-
cretion, at least, to hear both sides, before granting an injunc-
tion which may operate *pendente lite.* Precisely that discre-
tionary power is conferred by section 223. So long as county
judges, in common with justices of this court, are vested with
power to grant injunctions, no reason is perceived, why they
should not be permitted, as well as justices of this court, to
hear what is to be said against the application, before decid-
ing it. The mischiefs resulting from an abuse of the power
to grant injunctions *ex parte*, led to the adoption of rule 94,
by which the exercise of the discretionary power given by
section 223 is made imperative, in all cases.

The adoption of rule 94 furnishes an additional argument
in favor of the construction above stated. If a county judge
has not power to grant an injunction, in an action in this
court, on notice, or on the return of an order to show cause,
as provided in sections 221 and 223, the enforcement of that
rule will lead to more inconsistent results.

Under rule 94, every *ex parte* injunction order must con-
tain an order to show cause. But rule 46 provides that an
order to show cause shall be returnable only before the judge
who grants it, or at a special term appointed to be held in
the district in which such judge resides. Under that rule,
as was remarked by Justice E. D. SMITH, in his well con-
sidered opinion in *Harold* agt. *Hefferman* (42 *How.*, 241),
it has uniformly been held, that a county judge cannot make
an order returnable in the supreme court. It follows that if
he has not power to entertain a motion for an injunction on
the return of an order to show cause made by himself, the
new rule, 94, takes away from him a power clearly conferred
by section 218, namely, the power to grant an *ex parte* in-
junction order, in an action in this court. But the rule was
not intended to abrogate a jurisdiction given by the code,

and could not have that effect, if it was intended. The rules of court must be consistent with the code ( §470).

These inconsistent results would follow from the construction of the provisions of the code respecting injunctions contended for by the defendant's counsel. The better view of the matter is, that county judges have now, as they have always had, under the code, a co-ordinate power with justices of this court to grant injunctions; that rule 94 applies to both classes of judges and regulates their powers, but does not abrogate them; and that by its operation, the only effect of an *ex parte* injunction order, whether granted by a justice of this court or by a county judge, is to bring in the defendant to oppose a motion for an injunction, and to restrain him in the mean time. Thus applied, the rule is a more salutary one, it is not incongruous or inconsistent with the provisions of the code, and it leaves the powers of county judges the same as they were before its adoption, except as it has regulated the practice in all cases.

If I apprehend correctly the facts in the Middletown case, that portion of the opinion of Justice LEARNED, which is at variance with the views above expressed, was not material to the decision. That was a motion to vacate an injunction order made *ex parte*, and not on notice. The clause in the order requiring the defendant to show cause, as provided by rule 94, was not acted upon, the parties not having appeared under it. The motion was therefore properly disposed of, on the ground that the *ad interim* injunction order, not having been continued, had ceased to operate. That is, I think, the real point of the decision (*Op. of* LEARNED, J., 149 *to* 152), and in it, I fully concur.

I am of opinion that the special county judge had power to make the order now sought to be vacated.

The defendants counsel contends further, that the order should be set aside, because, on the merits, the plaintiff is not entitled to an injunction. I am of opinion that point also is not well taken, but I do not intend to decide it, as I

think a motion to set aside the order on that ground cannot be entertained here. The present motion is made upon precisely the same facts as those upon which the special county judge made the order continuing the injunction. · In such circumstances a justice of this court cannot, in or out of court, set aside an order made on notice by a judge having jurisdiction co-ordinate with his own (*Follett* agt. *Weeds*, 3 *How.*, 360). The remedy is by appeal to the general term (*Code*, §§ 344, 349). In the Middletown case, the order having been made out of court, *ex parte,* the special term properly entertained a motion, on notice, to vacate it (*Code,* §§ 225, 324). . The present motion might be heard if the facts presented were materially different from those which the county judge had before him, but that not being the case, the motion is dismissed, with costs. This, however, is without prejudice to the defendant's right of appeal.

NOTE.—Justices E. D. SMITH and DWIGHT are understood to concur in that portion of the foregoing opinion which relates to the power of county justices to grant injunction orders, or to continue them, on the return of an order to show cause.