# NEELY ELECTRIC CONSTRUCTION & SUPPLY COMPANY *v.* BROWNING.

---

APPEAL AND ERROR; RULES OF PRACTICE; BILL OF EXCEPTIONS, NECESSITY FOR.

1. The power to ignore well-settled rules of practice, where such power exists in an appellate court, should be exercised, if at all, only in extreme cases where otherwise there would be a plain miscarriage of justice.

2. Where the record on an appeal from a judgment in an action at law in which trial by jury was waived consisted merely of a statement of

D. C.]                    Opinion of the Court.

the testimony and proceedings, certified by the trial court to be accurate, with no exceptions or requests for finding of ultimate facts, or agreed statement of facts, it was *held* that such report of the trial judge was not equivalent to a bill of exceptions, special verdict, or an agreed statement of facts, and the appeal was dismissed. (Distinguishing *Wilkins & Co.* v. *Hillman,* 8 App. D. C. 469.)

3. Where trial by jury has been waived, a question of fact determined by the court is not reviewable on appeal. (Following *Shelley* v. *Wescott,* 23 App. D. C. 135.)

No. 1427.  Submitted January 19, 1905.  Decided February 14, 1905.

HEARING on a motion by the appellees to dismiss an appeal from a judgment of the Supreme Court of the District of Columbia dismissing a petition by an intervening claimant of goods seized under execution.                    *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. A. A. Hoehling, Jr.,* and *Mr. Stanton C. Peele* for the motion.

*Mr. D. W. Baker* and *Mr. James B. Archer* opposed.

Mr. Justice DUELL delivered the opinion of the Court:

This is an appeal from a judgment rendered after trial before a justice of the supreme court of the District of Columbia, sitting without a jury, in favor of the appellees, Henry C. Browning and James E. Baines, copartners, trading as Browning & Baines, dismissing a petition filed by the appellant, The Neely Electric Construction & Supply Company, that certain property levied upon by the marshal of the District of Columbia, under an execution issued after judgment had been recovered by these appellees against one Charles H. Neely, be declared to be its property.

To sustain its claim of title the appellant gave evidence and testimony, and in turn the appellees gave testimony and evidence to maintain the issue on their part.

In view of the disposition we decide to make of the case it becomes unnecessary to set forth or refer to the nature and extent of the proofs adduced.

The appellees moved to dismiss the appeal, or, in the alternative, to affirm the judgment from which the appeal was taken. The consideration of that motion was postponed to the time of the hearing of the appeal.

After careful consideration we have decided that the appeal can be best disposed of by taking up and deciding the motion.

Appellees based their motion upon certain grounds which are thus set forth:

"No exceptions whatever were taken by appellant to any of the rulings of the trial court; no requests for findings of ultimate facts were submitted upon which an exception could have been reserved upon refusal by the court to so find, and no bill of exceptions of any kind is contained in the record,—the transcript filed being a mere certification by the trial justice of the evidence produced before him and the judgment entered thereon, as will appear from a mere inspection of said transcript."

An examination of the record discloses that this statement is correct in fact, and if such facts are sufficient in law to warrant the dismissal of the appeal, or an affirmance of the judgment, there exists no good reason why we should not so dispose of it.

As has been stated, the record discloses neither bill of exception nor requests for finding of ultimate facts, nor agreed statement of facts signed by the parties or by their attorneys. It contains what is termed a "Certified Statement of Testimony and Proceedings," which is certified by the trial judge in the following words: "I certify that the foregoing is an accurate statement of the testimony and proceedings in the cause." Such report of the trial judge is not the equivalent of a bill of exceptions, special verdict, or an agreed statement of facts. *Suydam* v. *Williamson,* 20 How. 427, 15 L. ed. 978.

In *United States Trust Co.* v. *New Mexico,* 183 U. S. 535, 46 L. ed. 315, 22 Sup. Ct. Rep. 172, at page 540, the court said: "An agreed statement of facts may be the equivalent of a special

verdict or a finding of facts upon which a reviewing court may declare the applicable law, if such agreed statement is of ultimate facts; but if it be merely a recital of testimony or evidential fact, it brings nothing before an appellate court for consideration.    *   *   *   The certified statement of facts is insufficient, and presents nothing for examination."

But it is urged on behalf of the appellant that heretofore this court has been lenient in taking jurisdiction of cases where the records were faulty, and reference is made to *Wilkins & Co.* v. *Hillman,* 8 App. D. C. 469. In that case it was expressly stated that there were special circumstances which induced the court to take jurisdiction, notwithstanding that it was there stated that the proper mode for bringing up cases of this kind for review was by bill of exceptions. It was plainly said, at page 476, that "our decision in this instance is not to be drawn into a precedent for the government of future cases." It is neither fair to the trial court nor to litigants that plain and well-settled rules of practice should be ignored. The power to do so, conceding it to exist in the appellate court, should only be exercised, if at all, in extreme cases where otherwise there would be a plain miscarriage of justice. No such reason is disclosed in the case at bar.

No good purpose would be subserved by attempting to go into the consideration of the testimony, for this court has held in the recent case of *Shelley* v. *Wescott,* 23 App. D. C. 135, that in a case where a trial by jury has been waived a question of fact determined by the trial court is not reviewable by this court. It follows that any such consideration of the case would inevitably compel us to affirm the judgment of the trial court.

We must hold that this case is not properly before this court for review.

The appeal must be *dismissed, with costs. And it is so ordered.*