Resor *v.* Johnson, Administrator of Resor, deceased.—In error.

THIS is an action by *Abner Johnson*, administrator of the estate of *Samuel Resor*, deceased, against *Jacob Resor*, the father of said *Samuel*. The suit is to recover compensation for services rendered by said *Samuel* for said *Jacob*, after he (said *Samuel*) came to the age of majority, and before he left his father's house. The services rendered were such as the said *Samuel* had been accustomed to render before he arrived at majority and without any agreement on the part of his father to pay for them. Judgment below for the plaintiff. *Held*, that the judgment must be reversed. The law implies no obligation on the part of the father to pay for services rendered under such circumstances. *Austin* v. *Foster*, 17 Vt. Rep. 556. —*Cander's case*, 5 Watts and Serg. 513.—*Weir* v. *Weir's* admr., 3 B. Mon. 647.

The judgment is reversed with costs. Cause remanded, &c.

DOE on the Demise of CALVERT *v.* MAKEPEACE.——On motion.

MOTION in the above entitled cause in this Court, to instruct the clerk to tax docket fees. This motion is founded on the supposition that the act of *February* 7th, 1831, relating to docket fees, is still in force. That act was repealed in 1843, and was again revived by the 3d section of an act fixing the time of holding Courts in the ninth circuit, in 1846. Acts of 1846, p. 63. The section last named was repealed the next year. Acts of 1847, p. 64. The act of 1846 substantially re-enacted that of 1831, which had previously gone out of existence. That act being now again repealed, the law upon this subject stands as it did immediately previous to the re-enactment of the act of 1831 in 1846. This motion is, therefore, overruled.