OXFORD, Administrator, *v.* McFARLAND.

A son-in-law, living with the parents of his wife, cannot recover for occasional services performed in that capacity, without proof of an express contract that they were to be paid for.

ERROR to the *Vermillion* Circuit Court.

SMITH, J.—Assumpsit by *McFarland*, the defendant in error, against the administrator of *Abel Oxford*. The declaration contains counts for goods sold to, and work and labor performed for, the decedent, in his life time, and for work and labor performed for the administrator. A bill of particulars was filed with the declaration, stating the debt to be for nine months' labor, at 13 dollars per

month, six days' labor making fence, at three dollars and fifty cents, and 400 bushels of corn, at the price of 64 dollars.

The defendant pleaded the general issue, and, also, payment and set-off. He also filed a bill of particulars.

The plaintiff below obtained a verdict and judgment for 52 dollars, and costs.

The evidence is all upon the record, and we are of opinion it does not sustain the judgment.

The only item of indebtedness we consider proved by the plaintiff, is one of about 61 dollars, due for a quantity of corn sold the decedent; and the defendant proved debts due by *McFarland* to the decedent, to an equal or greater amount.

*McFarland* married the daughter of the decedent, and lived with his wife at the house and on the farm of the latter, during the first year after his marriage. There was an attempt to prove an account for work and labor as a hand upon the farm during this period, and the jury probably based their verdict on the supposition that a portion of this account should be allowed. We do not think the evidence authorized the recovery of any portion of it. There is no proof of the performance of labor for any definite period of time, or to any particular amount. *McFarland* was seen occasionally working upon the farm; but it is well settled that a son or son-in-law living with the parents, as a member of their family, cannot recover for occasional services performed in that capacity, without proof of an express contract that they were to be paid for.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. A. Wright*, for the plaintiff.

*A. Kinney* and *J. P. Usher*, for the defendant.