## SUPERIOR COURT.

### D. & A. STURTEVANT agt. BREWER & CALDWELL.

Where it is made apparent that the rights of the plaintiffs and defendants cannot be determined as between themselves, until the claim of a third party has been ascertained, and so settled that the determination of it may be acted upon as an established fact, in the decision of the present action, the plaintiffs will be compelled to amend their summons and complaint, so as to make such third party a party to the present action. And it is no valid objection to such a course, that the third party is a resident of another state.

*New - York Special Term, September,* 1859.

MOTION to compel plaintiffs to amend their summons and complaint so as to bring in other parties.

LAROCQUE & BARLOW, *for motion.*
R. H. SHANNON, *opposed.*

BOSWORTH, Ch. J. The plaintiffs, as assignees of J. L. Ferris, bring this action to recover $2,250, the price which the defendants agreed to pay for the charter of the bark Conroy, on a voyage from Galveston to New-York, under a charter party dated December 10th, 1858, and executed to them by J. L. Ferris, by his attorney G. A. Ferris. When the charter party was executed, the Conroy was at Galveston, and by its terms it was to commence when it was ready to receive cargo, and notice thereof was given to defendants or their agent. The plaintiff also claims to recover upon covenants in the said charter party, for a failure by the defendants to furnish cargo sufficient for ballast, and for damages.

The Conroy performed the voyage, and arrived at New-York the 31st of March, 1859. The master collected freight on some of the cargo, and notified the consignees of the residue of the cargo not to pay freight on it to the defendants.

Sorley, Smith & Co. claimed to have advanced at Galveston

before the Conroy sailed, and probably before she was in a condition to receive cargo, $3,971.43 for the disbursements for and port charges of the Conroy at Galveston. For this sum the master drew a bill on the defendants, which they refused to accept. On the 22d of April, 1859, Sorley, Smith & Co. brought a suit in the New-York common pleas against the defendants, claiming to have a lien on the freight to reimburse them the $3,971,43, and made such a case that the court enjoined these defendants from collecting any of the freight for that voyage, and appointed a receiver to collect and hold it to abide the event of that suit. The injunction order and order appointing the receiver are still in force. On the 22d of June, 1859, J. L. Ferris assigned the said charter party to the plaintiffs, and all moneys payable thereunder or by reason thereof by the defendants, and on the 28th of July, 1859, the plaintiffs, as such assignees, commenced this action. The defendants now move in this action that the plaintiff be compelled to amend his summons and complaint so as to make Sorley, Smith & Co. (who reside at Galveston) parties thereto. The motion is opposed by the plaintiffs and by Sorley, Smith & Co.

If Sorley, Smith & Co. can establish facts which give them a lien on the freight, or a right to have it paid to them, and thereby obtain it, then these defendants ought not to be compelled to pay the $2,250 to Ferris or to the plaintiff or his assignees. If, by reason of the failure of Ferris to furnish the vessel with anything requisite for the voyage, those who advance for her receive her freight as a matter of right; the consideration of the defendants' covenant to pay the $2,250 has failed, and the plaintiff should not be permitted to recover it. The defendants cannot well have any personal knowledge of facts constituting the claim of Sorley, Smith & Co., and it is not their fault that they have none. The plaintiffs have become assignees after the rights of all parties have become fixed. This appears to me, therefore, to be a case where, as was said in *McMahon* agt. *Harrison* (12 *How. Pr. Rep.* 45), "there are persons not parties, whose rights must be ascertained and settled before the rights of the parties to this suit can be deter-

Sturtevant agt. Brewer & Caldwell.

mined." Until the claim of Sorley, Smith & Co. has been ascertained and settled it cannot be determined whether the defendants should pay to the plaintiffs any part of the $2,250. The rights of Sorley, Smith & Co. ought to be ascertained and settled in such a manner as to conclude the plaintiffs as well as the defendants.

I think it is right that the plaintiffs should make them parties to this suit, and that the court has power under the first clause of section 122 of the Code to compel them to do so. The fact that they reside in Texas presents no insuperable obstacle to bringing them before this court. They may possibly be served with a summons in this city, or they may voluntarily appear herein.

Thus far I have taken no notice of the allegations that the charter of the Conroy was made to secure the defendants for becoming the guarantors, on the day of its date, for the performance by G. A. Ferris of the covenants on his part contained in a charter to him of the bark "Badger." For, rejecting them altogether, and, therefore, not considering the question, whether the defendants are precluded by the rules of law from alleging such an agreement as being in conflict with the terms and legal import of the charter party which they signed, I think enough is disclosed to make it apparent that the rights of the plaintiffs and defendants cannot be determined as between themselves, until the claim of Sorley, Smith & Co. has been ascertained, and so settled that the determination of it may be acted upon as an established fact, in deciding the present cause.

The motion is granted, and the order to be entered will be settled on short notice from either party to the other.