GARNER'S Administrator *v.* BOARD.

CHANGE OF VENUE.—JURISDICTION.—If the court to which a change of venue is granted has jurisdiction of the subject matter of the suit, and the parties appear and go to trial without objection, it cannot afterwards be objected that the change of venue was erroneously granted.

REVIEW.—TRIAL WITHOUT AN ISSUE.—Complaint to review a judgment on the ground that there had been a trial without an issue. The record showed that the plaintiff "withdrew the complaint filed *September,* 1853," but after this entry the parties treated a complaint which was filed *September* 23, as being on file, and issues were joined upon it, the defendant pleading, among other things, a set-off.

*Held,* that the record did not show a trial without an issue, as the complaint upon which issue was joined might have been filed after the entry of withdrawal, or, if not, there was still an issue upon the defendant's set-off.

MEMBER OF FAMILY.—WORK AND LABOR.—Where an adult resides with

another as a member of his family, receiving support and attention as such, and rendering service in return, there is no implied contract to pay for such services.

SAME.—INFANT.—This rule does not apply to infants, who, as they may avoid their express contracts, cannot be bound by the implied contract growing out of such a relation. But in fixing the amount of compensation to be allowed in such case, the jury may consider the circumstances under which the services were rendered.

APPEAL from the *Warren* Common Pleas.

GREGORY, J.—*Garner's* administrator filed a complaint for a review of a judgment against *Board*, in the court below. The complaint consists of four paragraphs. The alleged error of law complained of in the first paragraph, for which a review is asked, is that there had been two changes of venue granted to the defendant. The case was originally commenced in the *Fountain* Common Pleas. On the application of the defendant, a change of venue was ordered to the *Vermillion* Common Pleas. The latter court declined to take jurisdiction of the cause, and, on the plaintiff's own motion, ordered it to be certified back to the *Fountain* Common Pleas. On a second application by the defendant, the venue was changed to the *Warren* Common Pleas. On the motion of the appellant, the case was dismissed for want of jurisdiction. On the appellee's motion, this latter order was set aside and the case reinstated on the docket of the court below. The parties appeared to the action, and made up the issues, and went to trial without objection. Without deciding the question whether the defendant, under the code, (2 G. & H., § 208, p. 155,) was entitled to the second order for a change of venue, we think that the first paragraph of the complaint shows no error of law appearing in the proceedings and judgment for which a review can be had. The *Warren* Common Pleas had jurisdiction of the subject matter of the suit, and the appearance of the plaintiff and defendant gave jurisdiction of the persons of the parties. *Cox* v. *Pruitt*, 25 Ind. 90; *Judah* v. *The Trustees of Vincennes University*, 23 *id.* 272. A demurrer to this paragraph was correctly sustained by the court below.

The second paragraph of the complaint avers that the judgment sought to be reviewed was rendered on a trial without an issue, the plaintiff having withdrawn his complaint before trial. A certified transcript of the proceedings and judgment is made a part of the complaint for a review. The record shows a complaint on which the case was tried. It is copied into and certified as a part of the record of the cause. It is true that there is an entry as follows: "And by leave of court the plaintiff withdraws the complaint filed *September*, 1863," but after this entry both parties treated the complaint contained in this record as being on file, by making up issues on it and going to trial. The complaint on which the trial was had was filed on the 23d of *September*, 1863, and for aught shown to the contrary there may have been another complaint filed in the same month. In addition to this, the defendant had pleaded a set-off against the plaintiff's intestate, on which, under the code, he had a right to go to trial, though the plaintiff had withdrawn his complaint. 2 G. & H., § 365, p. 217. We think the court committed no error in sustaining a demurrer to this paragraph.

The error of law complained of in the third paragraph of the complaint is, that the court erred in sustaining the defendant's demurrer to the second paragraph of the plaintiff's reply to the second paragraph of defendant's answer. The original complaint consists of two paragraphs. The first is for work and labor of the plaintiff's intestate. The other is for money had and received. The defendant, for a second paragraph of answer to the first paragraph of the complaint, sets up that the intestate, during all the time mentioned in said first paragraph, and until he joined the army, at the age of eighteen years, was living and residing with defendant and his family; that the intestate took and adopted the name of the defendant, and lived with and worked for defendant, and was supported by him as one of his family, without any agreement, understanding or expec-

tation that such labor and services were to be paid for otherwise than by such voluntary provision as defendant, who had no children, might make for the intestate on his arrival at the age of twenty-one years, or afterwards. The second paragraph of the reply to this answer, to which the demurrer was sustained, sets up the infancy of the intestate. Work and labor performed by an adult under such circumstances would not raise an implied promise to pay therefor. *Resor* v. *Johnson, Adm'r, &c.,* 1 Ind. 100; *Weir* v. *Weir's Adm'r, &c.,* 3 B. Monroe 645; *Oxford* v. *McFarland,* 3 Ind. 156. But we think that where the work and labor is performed by an infant, the rule is otherwise. Although there is a conflict in the authorities, it is now settled in this State that an infant may avoid his contract for his services, and sue for and recover their reasonable value, taking into consideration all the circumstances. *Van Pelt* v. *Corwine,* 6 Ind. 363; *Wheatly* v. *Miscal,* 5 *id.* 142; *Dallas* v. *Hollingsworth,* 3 *id.* 537. The case of *Harney* v. *Owen,* 4 Blackf. 337, has been repeatedly overruled by this court, to the regret of the writer of this opinion. If, then, the infant can avoid his special contract, and recover the reasonable value of his labor, it is clear that his conduct and acts cannot create an implied contract which would operate against him so as to bar his right of action. The facts set up in this answer are proper to go to the jury, and should be considered, in connection with the other facts of the case, in fixing the amount to be allowed for the infant's services, but we do not think that they are an absolute bar to the action. The court below erred in sustaining the demurrer to the third paragraph of the complaint for review.

The fourth and last paragraph of the complaint avers that the answer of the defendant was never made a part of the record by order of court. The transcript of the record filed with the complaint shows that the answer was filed in the *Warren* Common Pleas on the 21st of *April,* 1864. An order of court is not necessary to make an ans-

wer a part of the record.   There is no error in the action of the court below on the demurrer to this paragraph of the complaint.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the third paragraph of the complaint, and for further proceedings.

*J. McCabe,* for appellant.

