Wright, Adm'r, *v.* Dean.

## No. 8601.

### WRIGHT, ADM'R, *v.* DEAN.

PARENT AND CHILD.—*Minor's Earnings.*—A father may emancipate his minor child from service to him, and thereafter the child has a right to his own earnings, and may recover wages from the father as from a stranger, as if he had arrived at full age.

From the Harrison Circuit Court.

*W. T. Jones, L. Jordan* and *S. J. Wright,* for appellant.

*G. W. Self,* for appellee.

MORRIS, C.—The appellee, by his next friend, brought this suit against the appellant as administrator with the will annexed of Daniel Dean, deceased, to recover for ten months' work and labor, alleged to have been performed for the appellant's testator in his lifetime.

The appellant answered the complaint in four paragraphs. The first was the general denial; the second, payment; the third was withdrawn.

The fourth paragraph of the answer stated, that, during the time mentioned in the complaint, the appellee was a minor, the son of the deceased, Daniel Dean, and living with him as a member of his family during said time, and that the work, labor and services, mentioned in the complaint, were rendered and performed by the appellee for said deceased, as such minor son and as a member of his family, and not otherwise.

The appellee replied to the answer by a general denial. To the fourth paragraph of the answer, he also replied specially, admitting that he was the son of the decedent, Daniel Dean, and that he was a minor at and during the time said services were rendered, but alleging that, before said work and labor were performed, the decedent, his father, had emancipated and set him free, giving him his time, and authorized him to make contracts in his own right and receive for himself, and free from all claims of the decedent as his father, his own earnings and all the fruits of his industry; that, after decedent had

so relinquished to him his right to his labor, he agreed to pay the appellee $14 per month, if he would work for him from the first of February, 1876, until after the crops should be gathered in the ensuing fall; that he worked for his father under this contract, until 6th day of December, 1876, when the latter died; that the labor so performed is the same labor mentioned in the complaint.

To this paragraph of the reply the appellant demurred. The demurrer was overruled. The cause was submitted to the court for trial; finding for the appellee. The appellant moved the court for a new trial, on the ground that the finding is contrary to law and not sustained by sufficient evidence, and because the damages assessed are excessive. The court overruled the motion for a new trial.

The errors assigned are as follows:

1. The court erred in overruling the appellant's demurrer to the second paragraph of the appellee's reply to the fourth paragraph of the answer.

2. In overruling the appellant's motion to suppress parts of the deposition of Temple C. Byrn.

3. In overruling the motion of appellant to suppress the sixth and eighth questions, and the answers thereto in the deposition of Martha E. Byrn.

4. In overruling the appellant's motion for a new trial.

Did the court err in overruling the demurrer to the second paragraph of the appellee's reply to the fourth paragraph of the answer?

The law imposes upon the father the duty of supporting and educating his minor children, and, to enable him properly to discharge this duty, it gives him not only a right to their custody and control, but to their labor and earnings during their minority. While the law gives the father this right, it allows him to relinquish, by agreement, the right to the child to receive its own earnings, to enter into and enforce contracts for its own benefit and on its own account. When the father

emancipates and sets free his child, he has no power to reclaim the right to its time or service.

Schouler, in his work on the Domestic Relations, says:

"The minor who is released from his father's service stands, as to his contracts for labor either with strangers or with him, upon the same footing as if he had arrived at full age; and, such being the case, the father may contract to employ and pay the child for his services, and be bound in consequence like any stranger to fulfil his agreement." Pages 371 and 372.

Parsons says: "It is certain that a father may, by an agreement with his minor child, relinquish to the child the right which he would otherwise have to his services, and may authorize those who employ him to pay him his wages, and will then have no right to demand those wages, either from the employer or from the child." 1 Parsons Con., p. 310. *Steel* v. *Steel*, 12 Pa. St. 64; *Hall* v. *Hall*, 44 N. H. 293; *Burlingame* v. *Burlingame*, 7 Cow. 92; *Morse* v. *Welton*, 6 Conn. 547.

The averments of the reply bring it clearly within the principle of the above authorities. There was no error in overruling said demurrer.

The second and third errors present no question for the decision of this court. The irregularities therein suggested were not presented to the court below as reasons for a new trial. The overruling of the motions to suppress the depositions of the Byrns is not mentioned or referred to in the motion for a new trial. This should have been done in order to give the court below an opportunity to correct the error, if any had been made. *The Jeffersonville, etc., R. R. Co.* v. *Reiley,* 39 Ind. 568.

The testimony tended strongly to show that Daniel Dean had emancipated the appellee and released him from his service and given him his time; that afterwards the decedent requested the appellee to work for him, agreeing to pay him $14 per month, and that the appellee worked for the deceased from the 1st of February, 1876, until the 6th of December, 1876, when the father died. There was some opposing testi-

mony. We can not, however, weigh the conflicting testimony for the purpose of deciding upon which side it preponderates. If there is any testimony tending legally to support the finding of the court, we can not disturb it on the ground that it is not supported by sufficient evidence.

It is also insisted that the damages are excessive. The appellant claims that the appellee sold one hundred barrels of apples belonging to the decedent and received and retained the proceeds, amounting to $65. While the testimony shows that the appellee, while working for the decedent, marketed and sold for him the apples, it fails to show that he retained the proceeds. One witness states that the decedent said he had received nothing for the apples; but when this statement was made, and whether in the presence or absence of the appellee, does not appear. We can not say that the damages were excessive. This disposes of all the questions in the record.

The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the cost of the appellant, to be levied of the assets in his hands as administrator of Daniel Dean.