The Haugh, Ketcham and Co. Iron Works *v.* Duncan, by Next Friend.

No. 10.

## THE HAUGH, KETCHAM AND COMPANY IRON WORKS *v.* DUNCAN, BY NEXT FRIEND.

MINOR.—*Suit for Services.*—*Averment as to Manumission of Infant.*—*Sufficiency of.*—In an action brought by an infant by his next friend, against the defendant for work and labor done for and at the request of the defendant, a complaint is sufficient which avers that, though an infant, the plaintiff had been manumitted and set free by his father. The further averment in the complaint that the appellee was living with his father at the time the action was instituted, and was so living with him during the entire time the work was being performed, does not vitiate the averment as to his full emancipation.

SAME.—*Complaint.*—*Defect of Parties.*—*Demurrer.*—A demurrer to the complaint on the ground of defect of parties, in that the plaintiff's father was not made a party defendant, was properly overruled. The complaint averred that from the beginning to the close of the services referred to, the plaintiff was the sole party interested in them, having been completely emancipated before any of them were rendered. If there were any facts which made it necessary that the father should become a party they do not appear in the complaint, and should be set up in some pleading or application by the defendant.

SAME.—*Manumission of Infant.*—*Right to Earnings.*—The rights of an infant after emancipation by his parent, to demand and recover his earnings, are as complete as if he had reached the age of majority. When the father has once emancipated and set free his son he has no further pecuniary interest in his services and earnings, and can not afterwards reclaim the right to the same.

SAME.—*Complaint for Services.*—*Answer Alleging Special Contract.*—*Right of Infant to Avoid.*—To a complaint filed by an infant by his next friend, against the defendant for work and labor done for and at the request of the defendant, alleging that the plaintiff had been manumitted and set free by his father, an answer which avers that the work claimed for was done under a special contract of apprenticeship made by the plaintiff and his father, by which the plaintiff was to learn the art of moulding iron, and was not to receive his full wages until he had served out his term of apprenticeship, which he had not done, etc., is bad. Such a contract, as the one pleaded in the answer, is voidable upon the part of the infant party. He has a right, in such a case, to abandon the contract and sue and recover on a *quantum meruit.*

SAME.—*Manumission of Infant.*—*How May be Proved.*—The fact of the emancipation of an infant may be proved by circumstances the same as any other fact. A formal contract between the parent and infant need not

The Haugh, Ketcham and Co. Iron Works *v.* Duncan, by Next Friend.

be proved. The acquiescence of the father in the acts of his son in drawing his own wages, and other facts tending to show that the father had emancipated him, may be given in evidence to the jury.

CRUMPACKER, J., dissents.

From the Marion Superior Court.

*S. Claypool* and *W. A. Ketcham,* for appellant.
*W. B. Walls* and *G. L. Walls,* for appellee.

REINHARD, J.—The appellee, an infant, brought this action by his next friend, against the appellant, for work and labor done for and at the request of the appellant, averring in the complaint that, though an infant, the appellee had been manumitted and set free by his father. There was a substituted and amended complaint filed, which was demurred to by the. defendant below, who is the appellant here. The demurrer was overruled, and the appellant answered in four paragraphs :

1. The general denial.

2. Payment.

3. That appellee is not the real party in interest, he being an infant, and his father, Robert Duncan, who is still living, being entitled to receive the earnings and wages of the appellee.

4. That the work claimed for was done under a special contract of apprenticeship, made by the appellee and his father, by which the appellee was to learn the art of moulding iron, and was not to receive his full wages until he had served out his term of apprenticeship, which he had not done ; that he had received all his work was worth ; that appellant, under the contract, had imparted certain instructions to appellee in the.art of moulding iron, for which appellee and his father had agreed to compensate appellant by the appellee's serving out his full time, etc.

The appellee demurred to the third and fourth paragraphs of the answer.

The demurrer was overruled as to the third and sustained

as to the fourth paragraph. There was a reply to the third paragraph of the answer, setting up:

1. The general denial.

2. Manumission by his father.

Upon the issues thus joined there was a trial by jury and a verdict and judgment in favor of the appellee.

The court overruled appellant's motion for a new trial, and rendered judgment on the verdict. An appeal was taken to the general term, where the judgment was affirmed.

The errors assigned in the general term of the superior court were:

1. The overruling of the defendant's demurrer to the substituted and amended complaint.

2. The sustaining of the plaintiff's demurrer to the fourth paragraph of the answer.

3. The overruling of the defendant's motion for a new trial.

The only error assigned in this court is the affirming of the judgment of the court in special term by the court in general term.

The demurrer to the complaint was grounded upon the following causes:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That there is a defect of parties defendant, in that the plaintiff's father is a necessary party.

The complaint, among other things, contains the following averments in relation to the plaintiff's minority and manumission:

"That during the entire time said work was being done and labor performed by plaintiff for the defendant, the plaintiff resided with his father, Robert Duncan, who is still living, and was, by his said father, during the entire time said work was being done and labor performed, and for a long time prior thereto, fully and completely manumitted and per-

mitted and allowed to collect and use his entire earnings for his own use and benefit."

This is the only allegation contained in the complaint concerning the subject of the plaintiff's infancy and emancipation.

It is argued by the counsel for appellant that as the complaint shows upon its face that the appellee is still living with his father, and was so living with him during the entire time the work was being performed, the averment of manumission is thereby contradicted and overcome, and the complaint is bad.

We think, however, that where the complaint avers, as it does in this case, that the son has been fully emancipated, the fact that it also appears he is still living with his father will not vitiate the other averment.

The appellant places the rights of the infant, growing out of his emancipation, upon the same footing with rights acquired by assignments of choses in action by delivery, and insists that the rule that the assignor must be made a party in such cases applies with equal force here.

We do not think, however, that there is any analogy of the kind claimed between the assignment by delivery of a chose in action and the act of manumission by a parent of his child so that the latter may collect his own earnings. In this case the complaint avers that the father never had any interest in the subject of the action. The averment is, in effect, that from the beginning to the close of these services, the appellee was the sole party interested in them, having been completely emancipated before any of them were rendered. These averments the demurrer admits. The father, therefore, never had any interest in them, and he could not have transferred anything which he never owned.

The necessity of making an assignor of a chose in action, assigned by delivery, a party defendant, arises by force of the statute. Section 276, R. S. 1881. This statute can not be applied to persons not assignors. The appellee's father

can certainly not be said to be an assignor by the facts averred. It is true, under section 268, any person who claims or has an interest in the controversy adverse to plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved, may be made a defendant by the court. There was no answer or plea, nor any application to make appellee's father a defendant. The question arises on demurrer to the complaint. There is no pretence that the father claims any interest or that he has any, nor is it shown by the facts averred, that the father is a necessary party to a complete determination of the questions. In fact the complaint discloses the very opposite, for if the facts therein alleged are true, it is not easy to see how he could be a necessary party. If there are any facts which make it necessary that he should become a defendant they do not appear in the complaint, and should be set up in some pleading or application by the defendant. *Strecker* v. *Conn*, 90 Ind. 469. It can not be said, therefore, that the complaint is so defective in this regard that it does not disclose a cause of action in the plaintiff, and we do not think that it shows any defect of parties defendant.

The appellee either had or had not a right to bring and maintain this action. If he had that right the presence of his father in court would not help the matter or make the appellee's right any greater or less; if he had not, by reason of his infancy, or want of interest, the right to bring and carry on such suit, the objection, unless it appears on the face of the complaint, must be taken by answer or plea. *Edwards* v. *Beall*, 75 Ind. 401.

The rights of the son, after emancipation by his parent, to demand and recover his earnings, are as complete as if he had reached the age of majority. When the father has once emancipated and set free his son he has no further pecuniary interest in his services and earnings, and can not afterwards reclaim the right to the same. See *Wright* v. *Dean*, 79 Ind. 407.

The demurrer was properly overruled. Did the court err in sustaining the demurrer to the fourth paragraph of the defendant's answer?

The substance of this paragraph is more fully set out in the appellant's brief, as follows :

" 4. That about the 4th of June, 1883, the plaintiff, an infant, with his father, Robert Duncan, applied to defendant to employ plaintiff as an apprentice in the moulder's trade, and to teach plaintiff to become a skilled workman, and thus place him in a condition, when he had mastered the art of molding, to earn the wages that by universal custom are paid to such skilled workmen. That it had been ascertained, and found to be, and was the fact, that during the first year of apprenticeship, the apprentice is a detriment and an injury to his employer and to the manufacturing business, because of the fact that whilst learning his trade, by his inexperience, he injures and destroys tools, implements and work belonging to the employer, and that it is only during the latter portion of an apprentice's term that his services are valuable, of which plaintiff and his father were informed upon applying for employment. The defendant thereupon agreed with the plaintiff and his father that it would employ plaintiff as an apprentice upon the following terms and conditions, viz. : That for the first six months he would be paid at the rate of $2.50 per week; during the second six months he would be paid at the rate of $3 per week ; and for each succeeding six months an increase of wages of fifty cents per week; that the apprenticeship should continue for four years. It was also agreed that in case plaintiff should continue with the defendant for the full four years, the defendant would, at the expiration of the period, pay to the plaintiff as an additional compensation, by way of reward for continuing in its service for the full period of four years, a sum equal to fifty cents per week during the whole period ; but it was expressly agreed between the plaintiff and his father that such additional compensation

should not be payable unless plaintiff should continue to serve his entire apprenticeship; that the plaintiff did not do his work faithfully, nor obey the orders of defendant and its foreman, but was unruly, mischievous and troublesome, was not steady with his own work, interfered with and interrupted the work of the other employees; that several times he voluntarily quit work and left defendant's employment, but was frequently, upon his own and his father's request, reinstated, and finally, about February 4th, 1885, was discharged by defendant's foreman for misconduct and disobedience of orders, without fault or wrong on the part of the defendant; that during the active time of his continuance in defendant's employ, he was paid the agreed price in full for his services, but was not paid the sum agreed to be paid in case he served the full time, and from week to week plaintiff accepted such pay as full payment of his services except in the contingency named, and the amount so paid to plaintiff was the full value of the services rendered."

It is obvious that this is an attempt to hold the appellee, who was a minor during all the time the services were rendered, liable on a special contract entered into in his behalf by his father.

Such contracts as the one here pleaded have repeatedly been held voidable upon the part of the infant party. He has a right, in all such cases, to abandon the contract and sue and recover on a *quantum meruit*. *Dallas* v. *Hollingsworth*, 3 Ind. 537; *Wheatly* v. *Miscal*, 5 Ind. 142; *Van Pelt* v. *Corwine*, 6 Ind. 363; *Garner* v. *Board, etc.*, 27 Ind. 323; *Meredith* v. *Crawford*, 34 Ind. 399.

The facts set out in this paragraph are not in the nature of a set-off for necessaries furnished the appellee, as contended by appellant; the paragraph proceeds, as already stated, upon the theory of a special contract, and the infant plaintiff can not be held liable thereon. If the appellant

had filed a set-off for the schooling he claims he furnished the appellee, in teaching him the art of moulding iron, possibly a different question might have arisen. See *Meredith* v. *Crawford, supra.*

Many of the facts pleaded in this paragraph, if not all, were provable under the general denial.

The court did not err in sustaining the demurrer to this paragraph.

Did the court correctly overrule the motion for a new trial ?

The appellant complains of some instructions given, and of the court's refusal to give some which he had asked for.

In the instructions asked for by the appellant, counsel say it was their theory, and they sought to have the jury instructed, that, " Before the son could be said to have been legally emancipated so that he could in his own name enforce as against his father and the party against whom the liability is claimed, his claim, there must have been a formal arrangement, contractual in its nature, entered into between father and son, by which the father thenceforth lost control over what the son might earn, and that the mere presumptive acquiescence by the father in his son's receiving his wages, the father assisting in the support of the son, would not prevent the father from resuming control of his son's services whenever he should see fit to do so ; " and they say that " The theory of the court was that nothing in the way of formality or contract was necessary, but the jury was authorized to ' infer ' an emancipation from the fact that the father either permitted his son to contract for work and to receive his wages, or that he knew that this was being done by the son and made no objections thereto."

It is insisted by counsel that " The right of the parent to his son's services is held by no such slender thread. The duty of the parent to support his child is an absolute one. He may temporarily abandon this duty, and refuse to perform it, but the obligation is still on him nevertheless, and when-

ever he sees fit to resume his duty of support, the correlative right returns to him, unless he has in some formal and effective manner conceded it to the son in such manner that he can not recoup it. *Wright* v. *Dean,* 79 Ind. 407."

We do not think it was necessary for the appellee to prove any formal contract between him and his father upon the subject of the appellee's manumission. That fact may be proved by circumstances the same as any other fact may be proved. We know of no reason why the acquiescence of the father in the acts of his son in drawing his own wages, and other acts tending to show that the father had emancipated him, may not be given in evidence to the jury; and, if they may be introduced in evidence, it then becomes a question for the jury to determine the weight of the same. See 6 Am. and Eng. Encyc. of Law, 448, n. 3.

The appellant complains of the sixth instruction given by the court. The contention is, that the court in this instruction entirely ignored the element of education, by reason of which it was claimed that the minor had derived certain benefits the value of which should have been deducted from the amount found to be due the appellee.

There was no proper set-off or counter-claim pleaded as a basis for any testimony tending to prove the performance and value of such services by the appellant for the appellee. The sixth instruction, when taken as a whole, states the law fairly and correctly as applied to this case. The court committed no error with reference to the instructions.

The ruling of the court upon the admission and rejection of certain questions and answers in the testimony of appellee and other witnesses, is complained of by the appellant.

We have examined the testimony given and that excluded, and think that no substantial injustice was done the appellant in connection with this ruling upon the testimony. No particular benefit would be achieved by setting out these questions and answers at length in this opinion. No error was committed in the court's ruling in the admission or rejection of testimony.

No substantial ground is shown upon which a reversal of the judgment of the lower court could be properly based.

Judgment affirmed.

Filed Sept. 16, 1891.

### DISSENTING OPINION.

CRUMPACKER, J.—My convictions are such that I am unable to concur in the conclusion of the court that the trial court did not err in overruling the demurrer to the complaint for defect of parties defendant. The complaint discloses that the appellee was a minor, and that he was living in his father's family during the time of the performance of the services sued for, and was so living with him at the time of the commencement of the action. His right to recover depended upon the establishment, at the trial, of the alleged relinquishment upon the part of the father of his claim to the appellee's earnings during his minority. This was an essential and traversable issue in the case, to be determined by the evidence as any other question of fact. Thus there was tendered an issue as to who was entitled to the earnings sued for, the appellee or his father, and the ascertainment of this right in the plaintiff was indispensable to his right to recover. The father not being a party to the action, of course could not be estopped by the judgment, so, after the recovery by the appellee, the record would not conclude the parent from recovering the same demand. This proposition is not controverted in the opinion of the court.

Our code, in its essential features, is fashioned after the equity rules of pleading and practice, which were chiefly distinguishable from the common law practice in their capacity to bring before the chancellor all who might have any interest in the subject-matter of the suit, and thus enable him to fully and finally determine and adjust all of the rights and liabilities of the parties.

Section 268, of the code, provides that "Any person may

be made a defendant, who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved."

Section 272, among other things, declares, "But when a complete determination of the controversy can not be had, without the presence of other parties, the court must cause them to be joined as proper parties."

Has there been a complete determination of the questions involved in the case under consideration?

It seems to me that this question must be answered in the negative. As long as the appellant is still liable to be compelled to pay the identical demand sued upon to another person, it can not be said that the question has been completely settled. There can be no full and complete determination of the subject-matter of the litigation until the record shows that the defendant may perform the decree of court without the hazard of being answerable to some third party for the same thing at some time in the future.

Considerable discussion is indulged in by law-writers and courts of final adjudication respecting the distinctions between *proper* parties and *necessary* parties in code pleading, but the conclusions seem to be marked with unanimity upon the proposition that where the plaintiff as a condition precedent to his recovery must establish a right as against a third person, that person is a *proper* party to the action.

In Story Equity Pleading, section 72, it is said: "It is the constant aim of courts of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject-matter of the suit, so that the performance of the decree of the court may be perfectly safe to those who are compelled to obey it, and also, that future litigation may be prevented."

Upon the question as to who are necessary parties to an action, Daniell Chancery Pleading and Practice, p. 190, states: "With respect to the first class, it is to be observed,

that (subject to the provisions of the late act above pointed out) it is required in all cases where a party comes to a court of equity to seek for that relief which the principles there acted upon entitled him to receive, that he should bring before the court all such parties as are necessary to enable it to do complete justice; and that he should so far bind the rights of all persons interested in the subject, as to render the performance of the decree which he seeks perfectly safe to the party called upon to perform it, by preventing his being sued or molested again respecting the same matter either at law or in equity."

The rule is thus stated in 1 Van Santvoord Equity Practice, pp. 82-3: " The practice of ordering parties on the hearing to be brought in, has already been referred to. Where the court can perceive that necessary and indispensable parties are wanting, this will usually be done. By such parties, under the code, is meant persons not parties to the suit, whose right must be ascertained and settled before the rights of the parties to the suit can be determined. And where it is apparent that the claim of a third party must be first ascertained and settled before there can be a final determination of the rights of the parties already before the court, the plaintiff, on motion of the defendant, will be compelled to amend his summons and complaint by making such third person a party, even though he be a non-resident."

The same principle was applied in the case of *Merritt* v. *Wells*, 18 Ind. 171, wherein it was held necessary to make one a party whose interests were involved in the litigation, but who would not be concluded by the record, in order to protect the defendant from being sued again for the same thing.

If there is a defect of parties in the case in hand, such defect appears on the face of the complaint. In equity practice, where the record disclosed such defect the defendant could take advantage of it by motion for a better writ, but

where it did not appear upon the face of the papers, a bill of interpleader was necessary.

Section 339 of our code makes a defect of parties a ground of demurrer, where it is shown by the complaint.

Section 343 provides that where the complaint does not disclose the delinquency, it must be taken advantage of by answer or plea in abatement, or it will be deemed to be waived.

In the case of *Hardy* v. *Blazer*, 29 Ind. 226, the facts were substantially these: The firm of Sutton & Swan owned a warehouse and received grain for storage, issuing receipts therefor, wherein they agreed to pay the holders the current price for grain so stored on presentation of the receipts. They subsequently sold the warehouse and grain on hand to Hardy and another who agreed orally, as part of the consideration, to redeem the outstanding receipts, and they were sued upon this agreement by a receipt-holder, and these facts appearing upon the face of the complaint the defendants demurred for defect of parties defendant. The court said: "We think the defendants, for their own protection, could insist upon the members of the firm of Sutton & Swan being joined in the suit, and bound by the judgment. The demurrer for this cause should have been sustained."

It was said by the court in *Bittinger* v. *Bell*, 65 Ind. 445, in respect to section 268 of the present code: "This section is in effect a re-enactment of the rule in equity, in relation to parties defendant. The parties who ought to be and must be made defendants, under this section of the code, as we construe it, are the parties in interest adverse to the plaintiff, an interest involved in the issues, and who, of necessity, will be and must be affected by the judgment in the cause. So, also, any person, 'who is a necessary party to a complete determination or settlement of the questions involved,' must, by the letter of the statute, be made a defendant to the action."

This same general doctrine was accorded a controlling in-

The Haugh, Ketcham and Co. Iron Works *v.* Duncan, by Next Friend.

fluence in the following cases: *Durham* v. *Bischof*, 47 Ind. 211; *Scobey* v. *Finton*, 39 Ind. 275; *Bledsloe* v. *Irvin*, 35 Ind. 293; *Luark* v. *Malone*, 34 Ind. 444; *Penn* v. *Hayward*, 14 Ohio St. 302; *Sturtevant* v. *Brewer*, 17 How. Pr. 571; *McMahon* v. *Allen*, 12 How. Pr. 39.

In the case before us the appellee's right to recover depends upon his alleged emancipation by his father, as has been noticed. The father's right to the son's earnings is an essential issue, and is involved in and disclosed by the complaint. This controversy between the plaintiff and a stranger to the action, relative to the right to the subject-matter of the litigation, can not be determined finally and completely without making the stranger a party, so that he will be bound by the record. It is as important to conclusively determine to whom the demand sued upon is due as it is to establish the existence of the demand. The appellant is entitled to such a record as will protect him against the liability of again being compelled to pay the claim.

The fact that the earnings sued for accrued after the alleged manumission of the appellee, and in consequence thereof the father never acquired any right to them, in my judgment, is of no importance. The question of relinquishment is one of fact, and affects a right the father had to the appellee's wages, and no determination of this question, with complete safety to the defendant, is possible as long as the rights of the father are not concluded by the record. In my opinion, in all actions in which the right of recovery depends upon the settlement of a question between the plaintiff and a stranger to the record, who would not be bound by the judgment, such stranger is a necessary party to the action, and where the question is presented by the complaint it is demurrable on that ground.

I think the demurrer to the complaint for defect of parties should have been sustained.

Filed Sept. 16, 1891.