Mills, C. J., Crumpacker, Parker and Leland, JJ., concur.

---

[No. 776.    August 23, 1898.]

ROMULO GARCIA, Plaintiff in Error, v. JESUS CANDELARIA, Defendant in Error.

SYLLABUS BY THE COURT.

SET-OFF—ABANDONMENT OF PLEA—PARENT AND CHILD—CLAIM FOR SUP-
    PORT.—1.    A defendant who has pleaded set-off, in moving the court
    to instruct the jury for himself at the conclusion of the plaintiff's
    case, abandons his plea and is not put to its proof.

2.  When a person is living in *loco parentis* with another, both are estopped
    from claiming for wages or services performed on the one hand, or
    for board and necessaries furnished on the other, unless an express
    contract for compensation is proved.

*Error*, from a judgment for defendant, to the Second Judicial District Court, Bernalillo County.    Affirmed.

The facts are stated in the opinion of the court.

WARREN, FERGUSSON & GILLETT for plaintiff in error.

Under the pleadings and the evidence plaintiff should have recovered.    2 Suth. Dam. 440; 5 Am. and Eng. Ency. Law, 35; Spahn v. Willman, 39 Atl. Rep. 787, 790; Smith v. Packard, 27 S. E. Rep. 586; Baca v. Barrier, 2 N. M. 131; 1 Suth. Dam. 265; 2 Par. Con. 523.

The plea of set-off being an affirmative plea, the defendant should, after plaintiff had made his proofs, have been put to the proof of his set-off.    Wat. on Set-off, 92, sec. 79; Magenan v. Bell, 14 N. W. Rep. 664; 2 Greenl. Ev., sec. 516; Fullerton v. Bank, 1 Pet. 723, 731. See, also, Little v. Slemp, 27 S. E. Rep. 808; Eddings v. Bonner, 38 S. W. Rep. 1110; Simpson v. Edens, Id. 475; Undh. Ev., 111, 114, sec. 79; Miller v. Wood, 44 Vt. 378; Scarboro v. Scarboro, 29 S. E. Rep. 352; Levy v. Gillis, 39 Atl. Rep. 785.

The relationship between plaintiff and defendant, under the circumstances and facts proved and surrounding this cause, was no bar to plaintiff's recovery.    Succession of Stewart, 21 So. Rep. 29; Mayfaitte's Appeal, 2 Atl. Rep. 28; 17 Am. and Eng. Ency. Law, 336; Thompson v. Halstead, 29 S. E. Rep. 991; Adams v. Adams, 23 Ind. 50.

WILLIAM D. LEE and TOMAS C. MONTOYA for defendant in error.

The court was clearly correct in directing a verdict. Loret v. Price, Wright (Ohio) 89; Sprague v. Waldo, 38 Vt. 139; Oxford v. McFarland, 3 Ind. 156; Bowney v. Haydock, 40 N. J. Eq. 513; Vansaudt v. Cramer, 60 Ia. 434; Sawyer v. Hebard, 58 Vt. 375; Coe v. Wagner, 42 Mich. 49; Hall v. Finch, 29 Wis. 278; Butler v. Slam, 50 Pa. St. 456; Murdock v. Murdock, 7 Cal. 511; Lantz v. Frey, 14 Pa. St. 201; Sharp v. Cropsy, 11 Barb. 224; King v. Kelly, 28 Ind. 89; Conble v. Rymon, 26 Id. 207; Leidig v. Coover, 47 Pa. St. 534; Dye v. Kerr, 15 Barb. 444; Defiand v. Austin, 9 Penn. 310; Fich v. Peckham, 16 Vt. 150; Duffy v. Duffy, 44 Pa. St. 399; Davidson v. Davidson, 2 Beas. 246; Kaye

v. Crawford, 22 Wis. 320; Putnam v. Town, 34 Vt. 429; Bowen v. Bowen, 2 Bradf. (N. Y.) 336; Griffin v. Porter, 14 Wend. 209; Givinston v. Ackerton, 5 Conn. 530; Insurance Co. v. Bloodgood, 4 Wend. 652; Thompson v. Halstead, 29 S. W. Rep. 974; Mountain v. Fisher, 22 Wis. 93; Pittle v. Dawson, 4 Dell. 100; Fisher v. Fisher, 5 Wis. 472; Updike v. Tetus, 2 Beas. N. J. 151; Linn v. Linn, 29 Pa. St.

MILLS, C. J.—This is an action in assumpsit originally brought in Bernalillo county in the year 1896 and to this court on a writ of error.

The facts, as disclosed by the record, are that in the year 1888 the plaintiff married the daughter of the defendant and lived for some years thereafter with his wife at the house of his father-in-law in Old Albuquerque, and that thereafter they resided sometimes at the house of the defendant, some eighteen miles from Albuquerque, and sometimes at his house in Albuquerque. When they lived at the house in the country, a part of the time the defendant was with them. After the marriage the plaintiff worked for the defendant and did what he was told to do. A short time before the beginning of this suit, just how long is not stated, plaintiff and his wife separated and then this action was begun, the plaintiff claiming on a quantum meruit for work and labor done, etc. A bill of particulars was filed by the plaintiff, claiming for seven years and four months services at thirty dollars per month, making $2,610 less by cash received $222, balance claimed to be due, $2,388. The defendant pleaded non-assumpsit and set-off and filed a bill of particulars claiming over $3,000 for board, clothing, necessaries, etc., furnished the plaintiff and his wife by him at the request of the plaintiff from December 1, 1888, to September 3, 1896. Issue was joined and on April 12, 1898, the case was tried before a jury.

But very little evidence was taken. Only two witnesses were called and the evidence of one was wholly immaterial and the plaintiff in error was the only witness examined who gave any evidence which was permitted. At the conclusion

of his testimony, which is brief, the plaintiff rested his case and on motion the court instructed the jury to find a verdict for the defendant, which was done. The usual motion for a new trial was filed and overruled and, as above stated, the case was brought to this court on a writ of error.

Six grounds of error are assigned which we will briefly take up and discuss.

The second error assigned is that "the court erred in not putting defendant to his proof of offset, pleaded by the defendant." This assignment is not tenable. In moving the court to instruct the jury to find a verdict for the defendant at the conclusion of the evidence offered by plaintiff, the defendant abandoned his plea of set-off. He asked for no judgment on it and as he did not it was unnecessary for him to offer proof in its support. This is such an elementary proposition of law that no authority need be cited in its support.

SET-OFF; abandonment of plea.

The third assignment is "That court erred in holding that the burden of proof was on the plaintiff." But a word is necessary to dispose of this assignment and perhaps we can not do better than to quote the brief of the defendant on this point. It says: "The declaration was on the common counts. The defendant pleaded non-assumpsit; that put the burden of proof on the plaintiff." If the defendant had attempted to prove a set-off it would have put the burden of proof as to that on him, but having abandoned this plea and the issue being non-assumpsit, the burden of proof was on the plaintiff. The obligation to prove any fact lies upon the party who substantially asserts the affirmative of the issue. 1 Greenleaf on Ev., sec. 74.

The fourth assignment of error is that "The court erred in refusing to allow plaintiff to prove the admission of the defendant 'That defendant was paying plaintiff $30 per month and board.' "

In examining the record we can find no evidence of any such ruling nor is any such noted in the transcript before us and there is no question raised as to the transcript not being

correct. It nowhere appears that any evidence was offered and refused that defendant was paying plaintiff $30 per month and board, as set out in this assignment. Even if there had been, we do not think that the question would have been proper, as this action is brought on the theory that no special contract for compensation had been made. The plaintiff is only seeking to recover on a quantum valebat, in other words, to recover what his services were worth and not on a special contract for hire. No special contract was pleaded. Where the consideration for the services is fixed by contract, assumpsit, for work and labor done on a quantum meruit, will not lie. 1 Am. and Eng. Ency. Law, p. 884 and note.

The fifth assignment is "That the court erred in holding that the relationship between plaintiff and defendant barred plaintiff from recovering anything for the work and labor performed by the plaintiff for the defendant." This exception covers the gist of the entire action. It is not denied that the plaintiff did some work for the defendant, just how much is hard to tell, and it is also in proof that the plaintiff and his wife lived for some years at the house of the defendant in town and also at his house in the country, and that this suit was not brought until after the plaintiff and his wife had separated. The question then is did the plaintiff and his wife live with the defendant in loco parentis from the time of their marriage in 1888 to about the time of the commencement of this suit. On the answer to this question the result of this suit hinges. A great many cases have been decided involving this point. There are but few of the older states, if any, where the question has not been adjudicated in one form or another, and their rulings are nearly uniform in character. The decisions are to the effect that persons living together as one family, i. e. in loco parentis, can not recover for wages and services performed on the one hand, or for board and necessaries on the other, without an express contract being proven that such compensation should be paid and received. A contract to pay will not be implied where it is shown that the person rendering

*PARENT and child: claim for support.*

the services is a member of the family of the person served, and receiving support therein, either as parent, child or other near relative.    A presumption of law arises that such services are gratuitous.    17 Am. and Eng. Ency. Law, p. 336.

The person claiming compensation must go a step further, and establish that there was an expectation by both parties that a compensation should be paid.    17 Am. and Eng. Ency. Law, p. 337.

This rule of law is salutory and tends to the happiness and good order of society in preventing quarrels and litigation. If it were not for this wise rule we would constantly see persons who live under the same roof quarreling; members of the same family who by choice or circumstances live together, on account of slight differences, would be constantly suing each other for pretended claims for services rendered or for board and necessaries furnished.    The law says this shall not be, and that if persons live together as a family, without any express contract or agreement to the contrary, the board and necessaries given by one shall be equivalent to the work and services performed by the other, and that neither shall recover from the other without an express contract.

The adjudicated cases holding this are very numerous, so many in fact that we will only cite a few of them.    Oxford v. McFarland, 3 Ind. 156; King v. Kelly, 28 Ind. 89; Leidig v. Coover, Ex., 47 Pa. St. 534; Butler v. Slam, 50 Pa. 461; Hall v. Finch, 29 Wis. 286.

In the Wisconsin case the authorities are gone into extensively.    In Hartman's Appeal, 3 Grant, p. 271, the court says:    "And as under the circumstances the law implied no obligation on the party of the deceased to pay, before the appellant can claim as a creditor he must prove an express contract."

In Bash v. Bash, 9 Pa. St., p 260, the court says: That the evidence of the contract must be direct and positive and that it is error to instruct the jury that instead of such evidence it was sufficient if it was clear and satisfactory and thus put such a contract to proof on the same footing as a contract

between strangers unaffected by any personal relation. In Duffy v. Duffy, 44 Pa. St. 399, the court says: "It was clearly error on the part of the court to charge the jury, that in the absence of an agreement with the father not to charge, the plaintiff was entitled to recover a reasonable compensation, the amount of which will be determined by the jury. The very reverse of this would have been sound law."

In the present case it will be remembered that the plaintiff was married to the daughter of the defendant; that for some years plaintiff and his wife resided at the house of the defendant in Old Albuquerque and that since that time they lived at his house on a ranch belonging to the defendant, some eighteen miles from Albuquerque. The plaintiff swears that he and his father-in-law never made any contract as to any compensation or wages to be paid him for what he did. A portion of the testimony upon this point is as follows:

"Q. Did you settle up with Mr. Candelaria very frequently?

"A. No, sir; never.

"Q. Did you never have any settlement with him at all?

"A. No, sir.

"Q. You never had any; you never presented him with any account and he never presented you with any; is that the case?

"A. No, sir.

"Q. You just kept working there, and he kept furnishing the board and the grub and the matter just ran along for seven years, did it?

"A. Yes, sir.

"Q. Did you and Mr. Candelaria ever enter into any written contract in regard to business between you of any kind?

"A. No, sir.

"Q. You never had any understanding with him, only you were working there and he would pay you during all that time, you expected him to pay you for your work?

"A.    I expected to be repaid for my work.

"Q.    You were expecting to be paid for your work was all the arrangement or understanding you had with him, was it?

"A.    Yes, sir.

"Q.    You had no other?

"A.    No, sir.

"Q.    And this ran all the way through the whole seven years you worked for him?

"A.    Yes, sir.

"The Court:    You never had any contract or arrangement with him at any time as to how much you were to receive for the month or day or any time?

"A.    No, sir."

If the evidence failed to show, if the parties were living as members of one family, that the services for which the plaintiff seeks to recover were rendered in pursuance of an express agreement that they were to be paid for by the defendant, then the plaintiff must lose his case, and he acknowledges that there was no existing contract or understanding.

Were these people then living in loco parentis? We think they were. The son-in-law was for some nine years living with his wife at the house or ranch of his father-in-law, who supplied them with food and necessaries, and during all of that time the son-in-law never asked for a settlement or made any demand for wages. The presumption is very strong that if plaintiff and his wife had not separated they would still be living at one of the houses of the defendant as they had done for so long a time and that this suit would never have been brought. There is no error in this ruling of the court.

The first and sixth assignments of error are merely formal. The first is: "The court erred in instructing the jury to return a verdict for the defendant." The court found and the evidence shows that plaintiff and defendant were living in loco parentis and so this instruction to the jury was a proper one. The supreme court of the United States says that

where on undisputed facts plaintiff is not entitled to recover, the court may direct a verdict.    National Bank v. Ins. Company, 103 U. S. 783.

The sixth assignment is that "The court erred in overruling plaintiff's motion for a new trial of this cause."    A motion for a new trial is addressed to the  sound  discretion  of  the court and the decision of the court in granting or refusing it alone is not the proper object of exception.    The universal rule of practice is that matters resting in discretion are not reexaminable in the court of errors.    Coleman v. Bell, 4 N. M. 21; Pomeroy v. Bank, 1 Wall. 592; Springer v. United States, 102 U. S. 586.

There is no error in the record and the judgment of the court below is affirmed.

Parker, McFie and Leland, JJ., concur; Crumpacker, J., having tried the case below, did not sit in this case.

### SYLLABUS BY THE COURT.